GREGORY J. SAUNSEN, Respondent, v STATE OF NEW YORK, Appellant, et al., Defendants.

Second Department, June 22, 1981

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Peter J. Dooley* and *Jeremiah Jochnowitz* of counsel), for appellant.

*Bernard T. Callan* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The State of New York appeals from so much of an order of the Court of Claims as denied its motion to dismiss the claim. For the reasons that follow, the motion should be granted except insofar as claimant seeks recovery for negligent acts which occurred on or after April 1, 1977.

On December 31, 1974 a warrant was issued by a Judge of the Suffolk County District Court for Gregory Saunsen's arrest for nonpayment of a $15 traffic fine. Saunsen had paid the fine on March 4, 1974. More than three years later, on April 2, 1978, Saunsen was arrested pursuant to the warrant. Saunsen alleges that as a result of his arrest he

was taken from his vehicle, removed to the police station in handcuffs and detained for three hours until his subsequent release on $25 bail and receipt of an appearance ticket. The appearance ticket was canceled once it was determined that the fine had been paid.

Thereafter, Saunsen brought the instant claim against the State and various other officials claiming false arrest and negligence. The defendants moved to dismiss the claim and the Court of Claims granted the motion as to all the defendants except the State. The State appeals from the determination adverse to it.

Where the confinement or detention of an individual against his will is privileged, an action for false arrest will not lie (see *Broughton v State of New York*, 37 NY2d 451). One instance where the privilege does arise is when the confinement is based on an arrest warrant, valid on its face, issued by a court having jurisdiction (see *Broughton v State of New York, supra*). An arrest based on a facially valid warrant, which results in an unlawful detention, does not give rise to an action for false arrest even though the warrant was erroneously or improperly issued (see *People v Briggs*, 19 NY2d 37; *Warner v State of New York*, 297 NY 395; *Boose v City of Rochester*, 71 AD2d 59; *Nastasi v State of New York*, 275 App Div 524, affd 300 NY 473).

At bar, the arrest warrant appears to have been valid on its face. The warrant was issued by a court with appropriate authority and jurisdiction and Saunsen failed to attack its facial validity in his claim or on this appeal. The facial validity of the arrest warrant precludes the claim for false arrest (see *People v Briggs, supra; Nastasi v State of New York, supra*).

Additionally, this appeal raises the issue of whether the State should be liable for the actions or omissions of the nonjudicial employees of the District Court in issuing and then failing to revoke the arrest warrant, when the warrant was issued before the State took over financial responsibility for that court. Although the warrant was issued on December 31, 1974, it was executed on April 2, 1978, one year after the State took over financial responsibility for

the District Courts as part of the Unified Court System (see Judiciary Law, § 39 [eff April 1, 1977]). Once the nonjudicial employees of the District Court became State employees on April 1, 1977 (see Judiciary Law, § 39, subd 6), the State became liable for torts committed by those employees while they were acting as State employees (see Court of Claims Act, § 9). Therefore, if the actions or omissions of the District Court personnel that occurred subsequent to April 1, 1977 with respect to the arrest warrant are determined to have been negligent, the State would be liable under the Court of Claims Act. The State is not liable, however, for the torts, if any, of the District Court employees prior to the time that they became State employees. The issue of whether the failure of the nonjudicial employees of the District Court to recall the arrest warrant subsequent to April 1, 1977 amounts to negligence, is left for proper determination at trial and we do not offer any opinion on this question.

TITONE, J. P., LAZER, MANGANO and COHALAN, JJ., concur.

Order of the Court of Claims, entered January 17, 1980, modified, on the law, by adding thereto, after the words "otherwise DENIED," the following: "except that as to the State of New York the motion is granted to the extent of dismissing the claim for false arrest and dismissing the claim for negligence insofar as it is based upon acts occurring before April 1, 1977." As so modified, order affirmed insofar as appealed from, without costs or disbursements.