■ In the Matter of the Estate of ANTONIETTA CARUSO, Deceased. JOSEPHINE DeCARO, Appellant; FERNANDO CARUSO, Respondent. [895 NYS2d 481]—

In a proceeding for the administration of an estate in which

the administrator petitioned pursuant to SCPA 2103 for the turnover of, inter alia, certain real property, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Nahman, S.), dated August 18, 2008, which, upon an order of the same court dated May 12, 2008, confirming the report of a referee dated January 10, 2008, made after a hearing, denied the petition.

Ordered that the decree is affirmed, with costs.

In a deed dated March 17, 2003, the decedent, then an 82-year-old woman with five adult children, conveyed title to her house to her son, Fernando Caruso (hereinafter Fernando), who had been living with her at the house for approximately 30 years. However, the decedent, who spoke with counsel outside of Fernando's presence before signing the deed, retained a life estate for herself. In addition, pursuant to a trust agreement she entered into with Fernando, the decedent effectively reserved, during her lifetime, the power to name a different recipient of the house upon her death.

On December 9, 2003, the decedent died. Subsequently, Josephine DeCaro (hereinafter Josephine), another of the decedent's children and the administrator of the decedent's estate, petitioned pursuant to SCPA 2103 for the turnover of, inter alia, the house. Josephine alleged that the decedent conveyed the house to Fernando as a result of undue influence.

A hearing was held before a referee, who had been appointed to hear and report. After the conclusion of the hearing, the referee issued a report which recommended, inter alia, that the petition be denied on the ground that Josephine failed to establish that the conveyance of the house was the product of undue influence. The Surrogate then confirmed the report and, in a decree, denied the petition. We affirm.

The referee's determination that the conveyance of the house was not the product of undue influence is supported by the record. In order for a conveyance to be invalidated on the basis of undue influence, there must be evidence that the grantee's influence "amounted to a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained [the grantor] to do that which was against his [or her] free will and desire, but which he [or she] was unable to refuse or too weak to resist" (*Matter of Walther*, 6 NY2d 49, 53 [1959]; *see Hearst v Hearst*, 50 AD3d 959, 961-962 [2008]). Here, the evidence at the hearing established that the transfer of the house was freely, voluntarily, and knowingly agreed to by the decedent, without any undue influence on Fernando's part (*see Matter of Walther*, 6 NY2d at 54).

In light of our determination, it is unnecessary to address Josephine's remaining contention. Dillon, J.P., Covello, Miller and Chambers, JJ., concur.