■ HAROLD MILLER, Respondent, v MAMADOU BAH, Appellant. [902 NYS2d 174]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated January 13, 2010, as, in effect, upon reargument, vacated its prior determination in an order dated August 19, 2009, granting his motion pursuant to CPLR 4401 for judgment as a matter of law based upon the plaintiff's failure to establish a prima facie case, and thereupon denied his motion pursuant to CPLR 4401 for judgment as a matter of law based upon the plaintiff's failure to establish a prima facie case, and restored the case to the trial calendar.

Ordered that the order dated January 13, 2010, is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and, upon reargument, the original determination in the order dated August 19, 2009, granting the defendant's motion pursuant to CPLR 4401 for judgment a matter of law based upon the plaintiff's failure to establish a prima facie case is adhered to.

At trial, the plaintiff testified that on June 28, 2004, he was working as a "flagman" for a construction company engaged in a construction project on 90th Street in Manhattan. He explained that he stood on 90th Street, in the roadway, directing traffic and pedestrians. He also indicated that 90th Street was a one-way thoroughfare with traffic flowing from west to east, and with vehicles parked on both sides of the street. The plaintiff recalled that around 10:15 A.M., he allowed a garbage truck, two cars, and a Lincoln Town Car to drive down 90th Street. He testified that the garbage truck then parked on 90th Street in a manner that blocked the traffic flow. He then indicated that the Town Car drove in reverse the wrong way down 90th Street, and ended up driving over his foot.

The plaintiff testified that after the accident, the driver of the Town Car parked the car, got out, came over to him, and spoke

with him. The plaintiff also testified that police officers responded to the accident scene.

After he testified, the plaintiff, who did not identify the defendant in court as the driver of the offending vehicle, rested his case without calling another witness, or offering an accident report into evidence. The defendant, who did not present a case, then moved pursuant to CPLR 4401 for judgment as a matter of law. He argued that the plaintiff failed to establish that he owned or operated the offending vehicle and, thus, that the plaintiff failed to make out a prima facie case of liability against him.

After first considering the evidence presented by the plaintiff, the Supreme Court next considered certain admissions made by the defendant. In this regard, the complaint contained certain allegations concerning the defendant's ownership and operation of a particular vehicle at the time of the accident, which the defendant failed to address in his answer. The defendant therefore was deemed to have admitted the truth of those allegations (*see* CPLR 3018 [a]; *Maplewood, Inc. v Wood*, 21 AD3d 933 [2005]), and "admissions . . . in pleadings are always in evidence for all the purposes of the trial of [an] action" (*Braun v Ahmed*, 127 AD2d 418, 422 [1987] [internal quotation marks omitted]). The Supreme Court found that even when the evidence was coupled with the defendant's admissions, the plaintiff failed to "link" the defendant to the offending vehicle. Thus, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law.

Subsequently, the plaintiff moved, in effect, for leave to reargue his opposition to the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law. In the order appealed from, the Supreme Court found that as the plaintiff asserted, it had "overlooked" a particular admission made by the defendant in determining the defendant's motion. The Supreme Court then, in effect, granted the plaintiff leave to reargue, and, upon reargument, determined that, based on that admission, the jury could have "drawn" a "reasonable inference as to [the defendant's] liability." Hence, the Supreme Court, inter alia, denied the defendant's motion, and restored the case to the trial calendar. However, the Supreme Court should have adhered to its original determination granting the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law.

CPLR 4401 provides that "[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing

party with respect to such cause of action or issue." A trial court should grant a motion pursuant to CPLR 4401 when, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant (*id.*).

In order to make out a prima facie case of liability against the defendant, the plaintiff was required to establish that the defendant owned or operated the offending vehicle (*see Gomez v Casiglia*, 67 AD3d 965, 966 [2009]). However, the evidence and the defendant's admissions established, at most, that the defendant was the owner and operator of one of several vehicles being operated at or near the accident scene at the time of the accident. Under these circumstances, the plaintiff, who was required to "prove his case . . . by a preponderance of the evidence" (*Rinaldi & Sons v Wells Fargo Alarm Serv.*, 39 NY2d 191, 194 [1976]), failed to make out a prima facie case of liability against the defendant (*cf. Bernstein v City of New York*, 69 NY2d 1020, 1021-1022 [1987]; *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.