■ In the Matter of PAULINE DELGATTO, Deceased. CHRISTOPHER FASULO, Appellant; NORA BRADLEY, Respondent. [919 NYS2d 391]—

The petitioner, who is the administrator c.t.a. of the decedent's estate, commenced this proceeding pursuant to SCPA 2103 for the turnover, to the estate, of certain real property formerly owned by the decedent. The petitioner alleges that, more than one month before the decedent's death, the decedent transferred the property to a revocable trust for the benefit of the respondent, the decedent's caregiver, who took advantage of a confidential relationship with the decedent to exert undue influence at a time when the decedent was not mentally competent. The petitioner moved for summary judgment on the petition, and the Surrogate's Court, inter alia, denied the motion, finding the existence of triable issues of fact.

Several exhibits submitted by the petitioner were not in admissible form and, thus, could not be considered on his summary judgment motion, namely, unsigned and unattested deposition transcripts (*see Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901, 902 [2008]), his attorney's affirmation (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]), uncertified medical and hospital records (*see Lozusko v Miller*, 72 AD3d 908, 908 [2010]; *Bleszcz v Hiscock*, 69 AD3d 890, 891 [2010]), and unsworn, unaffirmed reports of physicians (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]). The admissible evidence submitted by the petitioner, including affidavits of medical experts, failed to establish the petitioner's prima facie entitlement to judgment as a matter of law on the issue of whether the respondent exerted undue influence which overbore the free will of the decedent due to her alleged mental incapacity (*see Matter of Caruso*, 70 AD3d 937, 938 [2010]; *Hearst v Hearst*, 50 AD3d 959, 961-962 [2008]). Accordingly, the petitioner's failure to make a prima facie showing required denial of his motion, regardless of the sufficiency of the respondent's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.