■ JELLICOE CLARKE, Appellant, v DEREK J. PHILLIPS, Respondent. [978 NYS2d 281]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Dutchess County (Brands, J.) entered August 9, 2012, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence, and upon a jury verdict in favor of the defendant, is in favor of the defendant and against him dismissing the complaint, and (2) an order of the same court dated November 19, 2012, which denied his motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law on the issue of liability or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the matter is remitted to the Supreme Court, Dutchess County, for a trial on the issue of damages and for an appropriate amended judgment thereafter; and it is further,

Ordered that the appeal from the order is dismissed as academic, in light of our determination on the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This case involves a rear-end collision between two motor vehicles. At trial, the plaintiff testified that his vehicle was fully stopped at a red traffic light, that he remained stopped even after the light turned green to let pedestrians finish crossing the street, and that his vehicle was then struck in the rear by the defendant's vehicle. The defendant testified that, prior to the accident, his vehicle was fully stopped behind the plaintiff's vehicle, and when the traffic light changed to green, the plaintiff's vehicle began to move forward and the defendant, in turn, moved forward. As he began to move forward, the defendant saw a group of pedestrians on the sidewalk to the right, and he turned his head to the right for a split second to make sure that no one darted out in front of him. When he brought his attention back to the road ahead of him, he saw that the plaintiff's vehicle had come to a stop because a pedestrian had run out in front of the plaintiff. The defendant could not stop his vehicle in time to avoid the accident.

The trial court denied the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence. The jury found that the defendant was negligent, but that his negligence was not a proximate cause of the accident. A judgment was entered in favor of the defendant and against the plaintiff, dismissing the complaint. Thereafter, the trial court

denied the plaintiff's subsequent motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law on the issue of liability or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Miller v Bah*, 74 AD3d 761, 763 [2010]). "In considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Miller v Bah*, 74 AD3d at 763).

" 'A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision' " (*Gutierrez v Trillium USA, LLC*, 111 AD3d 669 [2013], quoting *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 845-846 [2012]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *cf. Delvalle v Mercedes Benz USA, LLC*, 94 AD3d 942 [2012]). Moreover, although the issue of comparative fault generally presents a question of fact (*see Regans v Baratta*, 106 AD3d 893, 894 [2013]), that issue should be submitted to a jury "only where there is a triable issue of fact as to whether the frontmost driver also operated his or her vehicle in a negligent manner" (*Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 671 [2013]; *cf. Gaeta v Carter*, 6 AD3d 576, 577 [2004]).

Here, viewing the evidence in the light most favorable to the defendant, there is no rational process by which the jury could find that the defendant had a nonnegligent explanation for the accident, or that the plaintiff was, to any extent, at fault in the happening of the accident. By the defendant's own admission, the accident occurred because the defendant took his eyes off the road when he turned his head to the right to look at the pedestrians, and when he looked back in the direction he was traveling, he saw the plaintiff's vehicle already stopped in front of him and did not have time to stop his vehicle in order to avoid the collision. The defendant further testified that the reason the plaintiff's vehicle was stopped was that a pedestrian had run in front of the plaintiff. Thus, the accident was attrib-

utable to the defendant's own inattentiveness in taking his eyes off the road in front of him, and not to any negligence on the part of the plaintiff (see Giangrasso v Callahan, 87 AD3d 521 [2011]).

Accordingly, the Supreme Court should have granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law made at the close of evidence.

In light of our determination, the parties' remaining contentions need not be addressed. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.