In an action to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Loehr, J.), entered June 5, 2012, which granted the oral motion of the defendant Marlene Magarelli, executor of the estate of Isaac G. Sargiss, also known as Isaac George Sarkissian, and the separate oral motion of the defendants Julius Sargiss and Panrad Automotive Industries, Inc., pursuant to CPLR 4401, made at the close of the plaintiffs case at a nonjury trial, for judgment as a matter of law dismissing the complaint insofar as asserted against each of them.
Ordered that on the Court’s own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
“ ‘A trial court’s grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party’ ” (Clarke v Phillips, 112 AD3d 872, 874 [2013], quoting Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]). “ Tn considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant’ ” (Clarke v Phillips, 112 AD3d at 874, quoting Miller v Bah, 74 AD3d 761, 763 [2010]; see Szczerbiak v Pilat, 90 NY2d at 556).
“ ‘The elements of a cause of action sounding in fraud are a *843 material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages’ ” (McMorrow v Angelopoulos, 113 AD3d 736, 739-740 [2014], quoting Fromowitz v TV Park Assoc., Inc., 106 AD3d 950, 951 [2013]; see Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]).
Here, the Supreme Court properly granted the oral motion of the defendant Marlene Magarelli, executor of the estate of Isaac G. Sargiss, also known as Isaac George Sarkissian, and the separate oral motion of the defendants Julius Sargiss and Panrad Automotive Industries, Inc., pursuant to CPLR 4401, made at the close of the plaintiffs case, for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. Considering the evidence before the court in the light most favorable to the plaintiff (see Szczerbiak v Pilat, 90 NY2d at 556; Clarke v Phillips, 112 AD3d at 874; Miller v Bah, 74 AD3d at 763), there was no rational process by which the court, as trier of fact, could have concluded that the plaintiff reasonably or justifiably relied on the misrepresentations her now-deceased former husband allegedly made during their divorce action with regard to the sale of his share in a business entity to his brother (see KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872 [2006]).
Skelos, J.R, Dickerson, Leventhal and Miller, JJ., concur.