OPINION OF THE COURT
Lawrence H. Ecker, J.
In this contested matrimonial action, plaintiff Q.C. seeks to set aside and declare void four stipulations of settlement and certain agreed upon stipulations set forth in the “so ordered” preliminary conference order and “grounds” stipulation entered in this case, all executed in 2013. This application is vigorously opposed by defendant L.C. Plaintiff, a physician and successful business person, asserts that at the time he signed the stipulations at issue, he was mentally ill, such that he could not, and did not, appreciate the nature of that to which he consented. In support of his assertions, he includes his own affidavits, medical records from his treating physicians and his in-hospital stay for treatment of his mental illness (Apr. 11-24, 2013), and an affidavit, sworn to on June 20, 2014 from Steven A. Fayer, M.D. Dr. Fayer, a board-certified psychiatrist, examined plaintiff in March 2014, reviewed the medical and hospital records, and the proceedings in this case to date, to arrive at his conclusion that it is his opinion “within a reasonable degree of medical certainty, that Dr. C lacked the mental capacity to enter into the stipulations and agreements currently at issue in this matter.” (Fayer aff ¶ 16.) The events in issue relating to plaintiffs mental condition and the execution of the stipulations in dispute occurred in 2013.
Defendant, by her affidavits, supported by her attorney’s affirmations, vehemently argues that plaintiffs submissions do not adequately set forth grounds sufficient to merit a hearing on the issue. Specifically, she asserts the lack of an affidavit from a professional who actually treated plaintiff at the time plaintiff asserts he was mentally ill, or required hospitalization, militates against a finding, as a matter of law, that plaintiff has a meritorious claim for the relief he now seeks. When the issues raised herein first became known to the court, in 2014, the court appointed a temporary guardian ad litem, Richard Fontana, Esq., in order to determine plaintiff’s competency to continue with this litigation. Mr. Fontana met with plaintiff, *213 reviewed the medical records, and with the acquiescence of plaintiff, informed the court that plaintiff was capable of proceeding in the litigation of this matter, notwithstanding his mental illness at the times in issue. Further, it was Mr. Fontana’s opinion that plaintiff did not require a guardian ad litem. On April 4, 2014, Mr. Fontana placed on the record in court his opinion that plaintiff should stand by the stipulations and not contest their enforcement. Mr. Fontana was then relieved of any further obligation to render his services to plaintiff. (Cross motion, tr, exhibit C.)
Counsel for each party has provided the court with well-researched, well-argued, and well-articulated reasoning for the granting of plaintiffs application to set aside the stipulations, or the denial of same, which defendant argues, should take place without the necessity of further fact-finding by the court. The court finds that the parties’ respective submissions couch the immediate issue of the necessity of further fact-finding as analogous to the granting of summary judgment, in this case to defendant, pursuant to CPLR 3212. The court well recognizes, as pointed out by defendant, that for reasons best known to plaintiff, he has not included an affidavit from a person who treated him at or about the time that he entered into the stipulations, or was treated for his mental illness, whether inpatient or outpatient. Likewise, defendant has not submitted an affidavit from a health care professional to contradict Dr. Fayer’s opinions and conclusions stated in his affidavit. Instead, defendant has picked those parts of Dr. Fayer’s affidavit, and the medical records, to argue there is insufficient evidence to justify the conduct of the hearing.
In the absence of defendant proffering sworn statements from a health care professional that would rebut plaintiff’s proof, summary judgment could be arguably awarded to plaintiff for this reason alone. However, given the heavy burden placed on plaintiff to demonstrate his entitlement to the relief he demands, i.e., the setting aside of stipulations that are ostensibly fair and reasonable on their face with each party having been represented by competent counsel at the time, the court will not grant summary judgment to plaintiff.
The well settled standard for the granting of summary judgment, which, as stated, supra, the court finds to be herein applicable, is, as stated in Alvarez v Prospect Hosp. (68 NY2d 320 [1986]), that summary judgment may be granted only where it is clear that no triable issue of fact exists. The key to summary *214 judgment is issue finding rather than issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) Consequently, it is incumbent upon the movant, in this case defendant, to make a prima facie showing that she is entitled to summary judgment as a matter of law. (Zuckerman v City of New York, 49 NY2d 557 [1980].) If there is any doubt as to the existence of a triable issue, the motion must be denied. These well established principles are cited in Matter of Tagliagambe (30 Misc 3d 1235[A], 2011 NY Slip Op 50362[U] [Sur Ct, Kings County 2011]), cited by defendant.
In Tagliagambe, a probate proceeding, the court granted petitioner son’s motion for summary judgment, notwithstanding evidence offered by the objectant, another son, who is a physician, relative to the issue of his late mother’s lack of testamentary capacity. The objectant introduced only medical records, which indicated physical illnesses and dementia (possibly Alzheimer’s disease), with the prescription of Aricept to alleviate the effects of a certain type of dementia. The court noted the Aricept had been prescribed to decedent by the objectant himself. In the face of the depositions of the draftsperson and witnesses to the will, the court granted proponent’s motion for summary judgment, finding there was no necessity for a trial, and stating that the courts have routinely rejected the notion that any factual issue, no matter how contrived or self-serving in the circumstance presented, is sufficient to defeat a summary judgment (citing Ramos v Rojas, 37 AD3d 291 [1st Dept 2007]).
Likewise, in Matter of DelGatto (98 AD3d 975 [2d Dept 2012]), also cited by defendant, which was a turnover proceeding in the Surrogate’s Court, the Court affirmed, after trial, the verdict of the jury dismissing the petition, where the petitioner alleged the decedent lacked the competence to convey her real property to a caretaker. The Court rejected petitioner’s argument in support of his claim that decedent was not competent. It noted petitioner relied upon the testimony of petitioner’s experts, who did not know the decedent and never treated her, and who based their testimony upon an examination of decedent’s medical records. The Court described such testimony “as speculative and entitled to little, if any, weight.” (Id. at 977.) Of further note in Matter of DelGatto the Appellate Division, in a prior appeal, had affirmed the Surrogate Court’s denial of petitioner’s motion for summary judgment (see Matter of Delgatto, 82 AD3d 1230 [2011]), finding that petitioner had failed to make a prima facie showing justifying the granting of summary judgment, notwithstanding the sufficiency of respondent’s papers.
*215 Using Matter of DelGatto as a guidepost, summary judgment should not be granted to defendant, particularly where there is a factual distinction between Matter of DelGatto, and the case at bar, namely that here a board-certified, well credentialed psychiatrist has reviewed plaintiffs medical records, and performed a personal examination, an examination which has not been rebutted by defendant.
This court finds that defendant has not met her burden that there are no issues of fact that require further inquiry. This case is a far cry from Zurenda v Zurenda (85 AD3d 1283 [3d Dept 2011]), cited by defendant, where the husband, in his attempt to set aside a stipulation in a matrimonial action, argued that his post-traumatic stress syndrome diagnosis (PTSD), resulting from his military service, constituted grounds for vacating the stipulation. The Court rejected his claim, ruling that where no medical or psychiatric opinion was submitted, the veterans’ administration documents (relative to his PTSD) were insufficient to support the conclusion that his mental condition prevented him from comprehending or knowingly entering into the stipulation.
Counsel for each party has raised significant issues that will need to be considered, including the esoteric forms of mental illness’ cause and effect, as enunciated in the case law applicable to the setting aside of agreements when issues of mental illness are asserted as the defense to enforcement, or in this case, as justification for affirmatively declaring said agreements voidable. Rather than reviewing that body of case law herein, the court finds that fact-finding must go forward for a proper determination of plaintiffs motion to vacate the stipulations in issue.
Accordingly, it is the order of the court that a hearing shall be conducted wherein each of the parties will be afforded the full and complete opportunity to adduce the evidence favorable to his/her respective positions.
Plaintiffs demands for relief, as set forth in his notice of motion, are decided as follows:
1. Amendment of the complaint pursuant to CPLR 3025 to add a cause of action for cruel and inhuman treatment.
Denied, with leave to renew upon determination as to the enforcement of the stipulations of settlement, which include the parties’ preliminary conference stipulation relative to plaintiffs *216 proceeding to obtain an uncontested divorce upon the grounds of irretrievable breakdown of the marriage.*
2. Vacating or voiding the stipulations of settlement.
Granted, to the extent the court has ordered a hearing on the issue of plaintiffs competency to have entered into the stipulations, supra.
3. Disqualifying Tamara A. Mitchel, counsel for defendant.
Denied, subject to renewal, pending the hearing to be conducted. At this time, the court is unconvinced there is a potential violation of the witness/advocate rule.
4. Granting attorneys’ fees, costs and disbursements.
Denied, with leave to renew. The court cannot determine, at this time, based upon the parties’ submissions, which of them, if either, is the “monied spouse.” (See Domestic Relations Law § 237 [a]; Prichep v Prichep, 52 AD3d 61 [2d Dept 2008].) Further, plaintiff has not submitted his attorney’s time sheets to date, or a representation as to the source of the funds used to pay his retainer of $20,000.
5. Granting a hearing as to the issues of plaintiffs mental illness and the enforcement of the stipulations.
Granted, as set forth, supra.
6. Such other and further relief.
Denied, as unnecessary.
Defendant’s demands for relief, as set forth in the cross motion, are decided as follows:
1. Demanding reasonable attorneys’ fees, costs and disbursements necessitated by the frivolous motion made by plaintiff to set aside the stipulations.
Denied, for reasons set forth, supra. The court having found issues of fact that require a hearing, there is no cause to grant such relief.
2. Disqualifying Jessica H. Ressler, as plaintiffs counsel.
Denied, subject to renewal, pending the hearing to be conducted. At this time the court is unconvinced there is a potential violation of the witness/advocate rule.
3. Such other and further relief.
Denied, as unnecessary.

 At prior appearances, the court has advised the parties that as to any outstanding issues relative to equitable distribution that are not resolved by the parties’ stipulations, assuming said stipulations are found to be binding upon both parties, the court would permit evidence relative to “egregious fault” and the “wild card” factor that can affect equitable distribution.