Frank Palladino, Appellant, v Debra McCormick, Respondent. [997 NYS2d 456]—

In an action, inter alia, to set aside a deed conveying real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated January 2, 2013, which granted the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case at a nonjury trial, for judgment as a matter of law dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Westchester County, for a new trial before a different Justice.

" 'A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Clarke v Phillips*, 112 AD3d 872, 874 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Sargiss v Magarelli*, 115 AD3d 842 [2014]). " 'In considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Clarke v Phillips*, 112 AD3d at 874, quoting *Miller v Bah*, 74 AD3d 761, 763 [2010]; *see Szczerbiak v Pilat*, 90 NY2d at 556; *see Sargiss v Magarelli*, 115 AD3d at 842).

The burden of proving undue influence generally rests with the party asserting its existence (*see Matter of Walther*, 6 NY2d 49, 53-54 [1959]; *Matter of DelGatto*, 98 AD3d 975, 977 [2012]; *Matter of Caruso*, 70 AD3d 937, 938 [2010]). "However, where there is a confidential relationship between the beneficiary and the grantor, '[a]n inference of undue influence' arises which requires the beneficiary to come forward with an explanation of the circumstances of the transaction" (*Matter of DelGatto*, 98 AD3d at 978, quoting *Matter of Neenan*, 35 AD3d 475, 476 [2006]; *see Matter of Bach*, 133 AD2d 455, 456 [1987]; *Matter of Collins*, 124 AD2d 48, 54 [1987]; *see also Matter of Henderson*, 80 NY2d 388, 391 [1992]). "In the absence of an explanation, the beneficiary has the burden of proving by clear and convinc-

ing evidence that the transaction was fair and free from undue influence" (*Matter of DelGatto*, 98 AD3d at 978; *see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 698 [1978]; *Hearst v Hearst*, 50 AD3d 959, 962 [2008]; *Sepulveda v Aviles*, 308 AD2d 1, 11 [2003]; *Matter of Connelly*, 193 AD2d 602, 603 [1993]).

Here, in granting the defendant's motion pursuant to CPLR 4401, the Supreme Court improperly resolved issues of the credibility of the witnesses against the plaintiff (*see Crowley v Brown*, 91 AD2d 601, 601 [1982]). Viewing the evidence in a light most favorable to the plaintiff, and resolving all issues of credibility in the plaintiff's favor, we find that the plaintiff established, prima facie, that a confidential relationship existed between the decedent and the defendant, requiring the defendant to come forth with an explanation of the circumstances of the transaction. Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law. Therefore, we reverse the order appealed from, deny the defendant's motion pursuant to CPLR 4401, and remit the matter to the Supreme Court, Westchester County, for a new trial before a different Justice (*see e.g. Pipelias v City of New York*, 99 AD3d 685, 685-686 [2012]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.