■ MALVIN OMAR URENA, Appellant, v CITY OF NEW YORK et al., Respondents. [8 NYS3d 75]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered July 23, 2014, which granted defendants' motion to renew their motion for summary judgment dismissing the complaint, and, upon renewal, granted the summary judgment motion as to the false arrest and false imprisonment claims, unanimously reversed, on the law, without costs, and the motion for summary judgment dismissing the false arrest and false imprisonment claims denied.

Plaintiff testified that, on the afternoon of May 7, 2013, he was standing in the courtyard of his apartment building, socializing with friends, when the police arrived, and Detective Smith arrested him without cause and without explanation. Plaintiff was later charged with obstructing governmental administration for allegedly interfering with a buy-and-bust operation by shouting, "Police, police, police," when the police arrived. He was detained for more than 24 hours. The next morning, the District Attorney's Office declined to prosecute plaintiff, "due to lack of probable cause to arrest" him. The foregoing evidence presents an issue of fact whether the police had probable cause to arrest plaintiff (see Hernandez v City of New York, 100 AD3d 433, 433 [1st Dept 2012], lv dismissed 21 NY3d 1037 [2013]).

Plaintiff correctly argues that the warrant that had been issued for his arrest in December 2011 does not render his May 2013 arrest "privileged," so as to preclude his claims (see Davis v City of Syracuse, 66 NY2d 840 [1985]; Saunsen v State of New York, 81 AD2d 252 [2d Dept 1981]). A confinement is privileged when it is "based on an arrest warrant, valid on its face, issued by a court having jurisdiction" (Saunsen, 81 AD2d at 253 [internal quotation marks omitted]; see Davis, 66 NY2d at 842). Since the police were unaware of the warrant when they arrested plaintiff, the arrest cannot be found to have been based on the warrant.

We hold that the privilege to arrest afforded by the warrant arose when the police learned of its existence during the warrant check. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.