FERNANDA DeSOUZA, Appellant, v AHAMMAD REJA KHAN et al., Respondents, et al., Defendants. [11 NYS3d 168]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Weiss, J.), entered January 28, 2014, as, upon a jury verdict on the issue of liability finding that the defendant Ahammad Reja Khan was not negligent, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial, is in favor of the defendants Aham-

mad Reja Khan and Korban Ali and against her, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to set aside the jury verdict on the issue of liability and for a new trial is granted, the complaint is reinstated insofar as asserted against the defendants Ahammad Reja Khan and Korban Ali, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of liability as against those defendants.

While seated in the backseat of a taxicab, the plaintiff allegedly was injured when the taxicab struck the rear of another taxicab which was stopped for a red light on Broadway, at its intersection with West 64th Street, in Manhattan. The plaintiff commenced this action to recover damages for personal injuries against the operator and owner of the taxicab in which she was allegedly a passenger, the defendants Ahammad Reja Khan and Korban Ali, respectively, and against the operator and owner of the taxicab which was stopped at the red light, the defendants Mohammed S. Chowdhury and Alexander Kotlovsky, respectively.

In their answer, Ali and Khan admitted that they were the owner and operator, respectively, of a vehicle bearing a certain New York registration number and that their vehicle came into contact with the vehicle operated by Chowdhury on the date and at the place specified in the complaint. They denied knowledge or information sufficient to form a belief as to whether the plaintiff was a passenger in their vehicle, as she alleged in the complaint.

During the course of discovery, Khan and Ali failed to appear on numerous occasions for court-ordered depositions. Eventually, the Supreme Court issued a conditional order of preclusion that precluded Khan and Ali from testifying at trial unless they appeared for depositions no later than June 13, 2013. Neither of them appeared for a deposition by that date.

A jury trial was held on the issue of liability. The plaintiff testified on her own behalf and read portions of Chowdhury's deposition testimony into evidence. At the close of evidence, the Supreme Court granted Chowdhury's and Kotlovsky's motion pursuant to CPLR 4401 for judgment as a matter of law. The court denied the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law, as well as Khan's and Ali's motion pursuant to CPLR 4401 for judgment as a matter of law.

During deliberations, the jury sent two notes to the Supreme

Court. In the first note, the jurors asked if Khan was driving the taxicab in which the plaintiff was a passenger at the time of the accident; the court responded that there was no evidence on that issue. The jury also asked whether there was a deposition of the driver of the plaintiff's vehicle; the court simply stated "no." The plaintiff objected to the court's responses, arguing that the jury could infer that Khan was the driver of the taxicab in which she was a passenger based upon Khan's and Ali's admissions in their answer and the trial testimony.

The jury rendered a verdict in favor of Khan and Ali, finding that Khan was not negligent. The plaintiff moved to set aside the verdict pursuant to CPLR 4404 (a), and the Supreme Court denied the plaintiff's motion. Judgment was entered in favor of all of the defendants and against the plaintiff, dismissing the complaint. The plaintiff appeals from so much of the judgment as, upon the verdict and upon the denial of her motion to set aside the verdict, dismissed the complaint insofar as asserted against Khan and Ali.

The Supreme Court committed reversible error when it advised the jury that there was no evidence in this case that would answer its question of whether Khan was the driver of the taxicab in which the plaintiff was a passenger. The failure to deny an allegation in a complaint constitutes an admission to the truth of that allegation (*see* CPLR 3018 [a]; *Miller v Bah*, 74 AD3d 761, 762 [2010]; *Maplewood, Inc. v Wood*, 21 AD3d 933 [2005]). "Facts admitted in a party's pleadings constitute formal judicial admissions, and are conclusive of the facts admitted in the action in which they are made" (*GMS Batching, Inc. v TADCO Constr. Corp.*, 120 AD3d 549, 551 [2014]). Moreover, "admissions . . . in pleadings are always in evidence for all the purposes of the trial of [an] action" (*Braun v Ahmed*, 127 AD2d 418, 422 [1987]; *see Miller v Bah*, 74 AD3d at 762). In response to the jury's inquiry about whether Khan was the driver, the court should have informed the jury of Khan's and Ali's admissions in their answer concerning their operation and ownership of a certain vehicle which was involved in an accident with Chowdhury on the same date as the plaintiff's accident and at the same location, so that the jury could draw its own inferences on this question.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict in favor of Khan and Ali on the issue of liability, and for a new trial on the issue of liability as against Khan and Ali. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.