(December 21, 2016)

■ Ryan Ali, Respondent, v City of New York et al., Appellants. [43 NYS3d 491]—

In an action, inter alia, to recover damages for false arrest and violations of civil rights pursuant to 42 USC § 1983, the defendants appeal from a judgment of the Supreme Court,

Kings County (Graham, J.), entered July 7, 2014, which, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, made at the close of evidence, and upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging false arrest and violations of civil rights pursuant to 42 USC § 1983 are granted, those causes of action are dismissed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages on the remaining cause of action.

The plaintiff was stopped by police for allegedly urinating in public. After he was stopped, the police determined that there was an outstanding warrant for the plaintiff's arrest, and they arrested him pursuant to the warrant. He was released about 36 hours later, after he was arraigned, and the case was ultimately dismissed pursuant to an adjournment in contemplation of dismissal. The plaintiff then commenced this action alleging, inter alia, false arrest and violations of 42 USC § 1983. The case proceeded to a jury trial. At the close of evidence, the Supreme Court denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The jury returned a verdict in favor of the plaintiff and against the defendants awarding damages in the principal sum of $250,000. A judgment was entered on the verdict and the defendants appeal.

To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant (see Sargiss v Magarelli, 115 AD3d 842 [2014]; Clarke v Phillips, 112 AD3d 872, 874 [2013]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom (see Sargiss v Magarelli, 115 AD3d 842 [2014]; Clarke v Phillips, 112 AD3d at 874).

Where the confinement or detention of an individual against his or her will is privileged, a cause of action alleging false arrest will not lie (see Broughton v State of New York, 37 NY2d 451 [1975]; Saunsen v State of New York, 81 AD2d 252 [1981]). One instance in which the privilege applies is when the confinement is based on a facially valid arrest warrant, issued by a court having jurisdiction (see Broughton v State of New York, 37 NY2d 451 [1975]).

Here, the plaintiff did not contest the fact that the warrant was facially valid, and was issued by a court of competent jurisdiction. Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging false arrest (*see People v Briggs*, 19 NY2d 37 [1966]; *Saunsen v State of New York*, 81 AD2d 252 [1981]; *Nastasi v State of New York*, 275 App Div 524 [1949], *affd* 300 NY 473 [1949]). For similar reasons, the defendants were entitled to a directed verdict dismissing the cause of action alleging violations of civil rights pursuant to 42 USC § 1983 (*see Washington-Herrera v Town of Greenburgh*, 101 AD3d 986, 988 [2012]).

The jury awarded the plaintiff damages in the sum of $250,000 based upon its findings as to all the causes of action. Since the causes of action alleging false arrest and violations of civil rights pursuant to 42 USC § 1983 should have been dismissed, a new trial is necessary as to damages on the remaining cause of action. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.