Meyers v Delancey Car Serv., Inc. (2021 NY Slip Op 04708)





Meyers v Delancey Car Serv., Inc.


2021 NY Slip Op 04708


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-07505
 (Index No. 7496/12)

[*1]Matthew Meyers, et al., respondents, 
v
Delancey Car Service, Inc., et al., defendants, Arthur C. Weiner, et al., appellants.


Pillinger Miller Tarallo, LLP, Elmsford, NY (Patrice M. Coleman of counsel), for appellants.
Godosky & Gentile, P.C., New York, NY (William A. Gentile of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Arthur C. Weiner and Diane D. Fenner appeal from a judgment of the Supreme Court, Kings County (Devin P. Cohen, J.), dated March 21, 2019. The judgment, insofar as appealed from, upon the granting of the plaintiffs' motion pursuant to CPLR 4401, made at the close of evidence, for judgment as a matter of law on the issue of liability against the defendants Arthur C. Weiner and Diane D. Fenner, upon a jury verdict on the issue of damages awarding the plaintiff Matthew Meyers the principal sums of $2,000,000 for past pain and suffering, $4,500,000 for future pain and suffering, $450,000 for future medical expenses, and $162,037 for past medical expenses, and awarding the plaintiff Francois Lartigue Meyers the principal sums of $300,000 for past loss of services and $400,000 for future loss of services, and upon the denial of the motion of the defendants Arthur C. Weiner and Diane D. Fenner pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive, is in favor of the plaintiffs and against those defendants in the total sum of $8,355,585.40.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff Matthew Meyers the principal sum of $162,037 for past medical expenses, and substituting therefor a provision awarding him the principal sum of $152,374.57 for past medical expenses; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiffs.
On January 21, 2012, the injured plaintiff, at the age of 36, sustained personal injuries while he was retrieving items from the trunk of a parked livery vehicle, which was operated by the defendant Fernando C. Cordero. While retrieving the items, the injured plaintiff was struck by a vehicle owned by the defendant Arthur C. Weiner and operated by the defendant Diane D. Fenner, and was pinned between the rear of the livery vehicle and the front of the vehicle operated by Fenner. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Cordero, Weiner, and Fenner, to recover damages for personal injuries. The action proceeded to trial against those defendants. At the close of evidence in the liability phase of the bifurcated trial, the Supreme Court granted the plaintiffs' motion for judgment as a matter of law against Weiner and [*2]Fenner on the issue of liability. Thereafter, the jury found that the injured plaintiff was not negligent in the happening of the accident, Fenner was 100% at fault in the happening of the accident, and while Cordero was negligent, his negligence was not a proximate cause of the accident.
The action thereafter proceeded to trial on the issue of damages with Weiner and Fenner as the sole defendants. After the trial on damages, the jury awarded the injured plaintiff the principal sums of $2,000,000 for past pain and suffering, $4,500,000 for future pain and suffering (over a period of 40 years), $450,000 for future medical expenses, and $152,374.57 for past medical expenses (an amount stipulated to by the parties), and awarded his wife the principal sums of $300,000 for past loss of services and $400,000 for future loss of services (over a period of 40 years). On the record, the Supreme Court thereafter denied the motion of Weiner and Fenner to set aside the jury's verdict on damages as against the weight of the evidence and on the ground that the awards were excessive. A judgment was entered, which, among other things, erroneously awarded the injured plaintiff the principal sum of $162,037 for past medical expenses. Weiner and Fenner appeal.
Viewing the evidence in the light most favorable to Fenner and Weiner, there is no rational process by which the jury could find that Fenner had a nonnegligent explanation for the rear-end accident which pinned the injured plaintiff between the front of Fenner's vehicle and the rear of Cordero's vehicle (see Clarke v Phillips, 112 AD3d 872, 874; see also Szczerbiak v Pilat, 90 NY2d 553, 556). Therefore, the Supreme Court did not err in granting the plaintiffs' motion pursuant to CPLR 4401 for judgment as a matter of law against Weiner and Fenner on the issue of liability.
Contrary to the contentions of Weiner and Fenner, the jury awards for past and future pain and suffering, future medical expenses, and loss of services should not have been set aside as against the weight of the evidence, nor do they deviate materially from what is deemed reasonable compensation.
However, the judgment mistakenly set forth that the injured plaintiff was awarded $162,037 for past medical expenses. At the damages phase of the bifurcated trial, the parties stipulated that the amount for past medical expenses was $152,374.57. The trial transcript clearly states that this stipulation took the place of, and was treated as the equivalent of, a jury verdict on
the issue of damages for past medical expenses. Therefore, we modify the judgment to conform the amount of damages for past medical expenses to that which the parties stipulated—$152,374.57 (see CPLR 5019[a]).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court