| |
|---|
| **Ojelade v Akhtar** |
| 2025 NY Slip Op 31886(U) |
| May 12, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 524142/2018 |
| Judge: Lisa S. Ottley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS – PART 24

-----------------------------------------------------------------x

OLAWALE OJELADE,                                                Mot. Seq. # 4

                              Plaintiff,                       Index # 524142/2018

              -against-                                        **DECISION and ORDER**

MUHAMMAD AKHTAR,

                              Defendant.

-----------------------------------------------------------------x

**HON. LISA S. OTTLEY**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this Notice of Motion for Summary Judgment submitted on May 12, 2025.

| Papers | Numbered |
|---|---|
| Notice of Motion and Affirmation | 1&2 [Exh. 1-12] |
| Affirmation in Opposition | 3 [Exh. A] |

Plaintiff moves for an order pursuant to CPLR 3212 (1) granting summary judgment in favor and against the defendant, Muhammad Akhtar on the issue of liability, (2) pursuant to CPLR 3211(b) striking the affirmative defenses of contributory negligence, culpable conduct, assumption of risk, emergency situation and failure to wear a seatbelt; and (3) precluding defendant Muhammad Akhtar for failure to appear for deposition, from testifying at the time of trial and/or submitting an affidavit in opposition to a summary judgment motion. Defendant opposes the motion the grounds that there are issues of fact which preclude summary judgment, there is outstanding discovery, and defendant has not been presented for his deposition.

This is an action for personal injuries allegedly sustained by the plaintiff as a result of a motor vehicle accident which took place on April 30, 2018. Defendant interposed and filed an Answer setting forth affirmative defenses. The parties appeared for a preliminary conference and an Order setting for the schedule for discovery was issued on February 22, 2022, directing that the parties complete deposition on or before May 20, 2022., however, the depositions were rescheduled for June 15, 2022 (plaintiff) and June 16, 2022 (defendant). The defendant failed to appear for his deposition on June 16, 2022. Thereafter, the court issued another order requiring the defendant to appear and complete his deposition on June 1, 2023. Following the compliance conference, the deposition of the defendant was rescheduled for September 18, 2023, however, at defendant's counsel request the deposition was adjourned to October 31, 2023, due to defendant's unavailability. A final pre-note conference order was filed on or about August 25, 2023, and the defendant was ordered to appear for deposition on or before October 31, 2023.

1

[*1]

On October 31, 2023, defendant's attorney notified plaintiff's counsel that the defendant was not available for his deposition. Thereafter, plaintiff moved for an order of preclusion due to plaintiff's failure to appear for his deposition, and the court ordered defendant to appear for deposition on or about March 5, 2024. Defendant failed to appear for the court ordered depositions scheduled on March 5, 2024, and July 17, 2024. The court issued an order on May 26, 2024, which held that defendant's failure to comply would result in defendant being precluded from testifying at the time of trial. Thereafter, another order was issued by the Central Compliance Part, the Hon. Leon Ruchelsman, which set forth new dates for the filing of a Note of Issue on 5/2/2025 and deposition of the defendant on 2/14/25. However, the deposition of the defendant has not taken place.

First, this court will address the relief sought pursuant to CPLR 3126.

Plaintiff moves to strike defendant, Muhammad Akhtar's affirmative defenses and preclude his testimony at trial and/or submitting an affidavit in opposition to a summary judgment motion. Based on the foregoing, the court finds that plaintiff's motion to strike and preclude should be granted.

"While actions should be resolved on the merits, when possible, a court may strike an answer upon a clear showing that the defendant's failure to comply with discovery demand or co-ordered discovery was the result of willful and contumacious conduct." See, *Sepulveda v. 101 Woodruff Avenue Owner, LLC*, 166 A.D.3d 835, 89 N.Y.S.3d 89 (2nd Dept., 2018), *citing, Ozeri v. Ozeri*, 135 A.D.3d 838, 839, 23 N.Y.S.3d 363; *Sadoyan v. Castro*, 102 A.D.3d 666, 667, 957 N.y.S.2d 735; *Carabello v. Luna*, 49 A.D.3d 679, 853 N.Y.S.2d 663). A court can infer that a party is acting willfully and contumaciously through the party's repeated failure to respond to demands or to comply with discovery. See, *Sepulveda v. 101 Woodruff Avenue Owner, LLC*, 166 A.D.3d 835, 89 N.Y.S.3d 89 (2nd Dept., 2018).

In opposition to plaintiff's motion, defendant's attorney states that although call have been made to the defendant, and an investigator hired to locate defendant, they have not been able to get in touch with defendant. To date, the defendant has not been located or heard from. The defendant is required to demonstrate a reasonable excuse for Muhammad Akhtar's failure to appear for his deposition and a potentially meritorious defense. In *Sepulveda v. 101 Woodruff Avenue Owner, LLC, supra*, the court held, without reaching the issue of whether the defendant demonstrated the existence of a potentially meritorious defense, that "the fact that a defendant disappeared or made himself or herself unavailable is not a basis for denying a motion to strike his or her answer for failure to appear for a deposition.

Next, this court will address plaintiff's motion for summary judgment on the issue of liability.

It is well settled that to grant summary judgment, it must clearly appear that no material issue of fact has been presented. See, *Grassick v. Hicksville Union Free School District*, 231 A.D.2d 604, 647 N.Y.S.2d 973 (2nd Dept., 1996). "Where the moving party has demonstrated its

2

[*2]

entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring the trial of the action." *See, Zuckerman v. City of New York*, 49 N.Y.2d 557, 427 N.Y.S.2d 595 (1980). The papers submitted in the context of the summary judgment motion are viewed in the light most favorable to the party opposing the motion. *See, Marine Midland Bank, N.A. v. Dino v. Artie's Automatic Transmission Co.,* 168 A.D.2d 610 (2nd Dept., 1990). If the *prima facie* showing has been met, the burden then shifts to the opposing party to present sufficient evidence to establish the existence of material issues of fact requiring a trial. *See, CPLR 3212[b]; Alvarez v. Prospect Hosp.,* 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986).

"A rear-end collision with a stopped or stopping vehicle creates a *prima facie* case of negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision." *See, Edgerton v. City of New York,* 160 A.D.3d 809, 810, 74 N.Y.S.3d 617.

The court finds that the plaintiff has established his *prima facie* entitlement to judgment as a matter of law on the issue of liability against the defendant. The plaintiff's deposition testimony and a certified police accident report demonstrated that the plaintiff's vehicle was slowing down when it was struck in the rear by defendant's vehicle. A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under prevailing conditions to avoid colliding with the other vehicle. *See, Fischetti v. Simonovsky,* 227 A.D.3d 670, 671, 210 N.Y.S.3d 459, quoting *Ordonez v. Lee,* 177 A.D.3d 756, 757, 110 N.Y.S.3d 339; *see* Vehicle and Traffic Law § 1129[a]).

Defendant has failed to raise a triable issue of fact regarding a non-negligent explanation for the rear-end collision.

A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her *prima facie* entitlement to judgment as a matter of law on the issue of a defendant's liability (see, *Rodriguez v. City of New York,* 31 N.Y.3d 312, 76 N.Y.S.3d 898; *Merino v. Tessel,* 166 A.D.3d 760, 87 N.Y.S.3d 554). A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle. *See, Vehicle and Traffic Law § 1129[a].*

Due to defendant's failure to provide a non-negligent explanation of the accident, the plaintiff established that the defendant driver was the sole proximate cause of the accident which warrants dismissal of the defendant's affirmative defense of comparative fault. *See, Yawagyentsag v. Safeway Construction Enterprise LLC,* 225 A.D.3d 827, 207 N.Y.S.3d 608 (2nd Dept., 2024), where the court held that defendant driver's explanation for striking the plaintiff's vehicle in the rear, to wit, a sudden stop, was insufficient to raise a triable issue of fact as to defendant's negligence or whether the plaintiff's actions contributed to the happening of the accident. In the case at bar, there is no explanation from the defendant as to how the accident occurred nor as to how plaintiff's actions contributed to the accident. Although the issue of comparative fault generally presents a question of fact, that issue should be submitted to a jury

3

[*3]

"only where there is a triable issue of fact as to whether the frontmost driver also operated his or her vehicle in a negligent manner. See, *Clarke v. Phillips*, 112 A.D.3d 872, 978 N.Y.S.2d 281 (2nd Dept., 2013), citing, *Gutierrez v. Trillium USA LLC.*, 111 A.D.3d 669, 974 N.Y.S.2d 563 (2nd Dept., 2013).

Based upon the foregoing, it is hereby

**ORDERED** that the plaintiff's motion is hereby granted in the entirety and plaintiff is granted summary judgment on the issue of liability, and it is further

**ORDERED** that the defendant's affirmative defenses of contributory negligence, culpable conduct, assumption of risk, emergency situation and failure to wear a seatbelt are hereby stricken, and it is further

**ORDERED** that the defendant, Muhammad Akhtar is precluded from offering testimony at the time of trial **unless** he has complied with discovery orders requiring defendant to appear for a deposition, and it is further

ORDERED that all discovery issues are to be heard by the Central Compliance Part before the Hon. Leon Ruchelsman.

This constitutes the order of this court.

Dated: Brooklyn, New York
May 12, 2025

_____
HON. LISA. S. OTTLEY, J.S.C.

HON. LISA S. OTTLEY

KINGS COUNTY CLERK
FILED
2025 MAY 23 A 9:40

[* 4]