■ OGDENSBURG URBAN RENEWAL AGENCY, Appellant, v. ROBERT H. MORONEY, Respondent.— Appeal from (1) an order of the County Court, St. Lawrence County, directing appellant to pay the respondent $28,600 with interest from June 1, 1972 plus costs and disbursements; and (2) the judgment entered thereon. Appellant, a municipal corporation created pursuant to section 618 of the General Municipal Law, began condemnation proceedings

to acquire a certain parcel of property owned by the respondent in the City of Ogdensburg for the purpose of urban renewal. On December 17, 1971, at an adjourned hearing in the proceedings, the parties unconditionally agreed that appellant would purchase the property for $100,000, $71,400 of which had already been paid with the remaining $28,600 to be paid on or before June 1, 1972 when respondent would be required to vacate the premises. This agreement was thereafter reduced to writing in the form of an order of condemnation. Appellant now seeks to avoid this agreement because the Federal Department of Housing and Urban Development would set a maximum value of only $93,000 for the parcel and, therefore, would not approve the purchase at $100,000 and supply funds for its acquisition. We concur with the County Court that this development does not excuse the appellant from its unconditional obligation to pay the respondent $100,000 for the property involved. Absent an express qualification in the contract, this type of intervening impossibility generally does not discharge a contractual obligation (*Lorillard* v. *Clyde,* 142 N. Y. 456; *Stewart* v. *Stone,* 127 N. Y. 500; see generally, 6 Williston, Contracts [rev. ed.], § 1934; 10 N. Y. Jur., Contracts, § 356). And while there is a well recognized exception to this general rule where performance becomes impossible due to change in law (*Boer* v. *Garcia,* 240 N. Y. 9; *Lorillard* v. *Clyde, supra*), this exception is not applicable here. Appellant clearly has statutory authority to make the contractual commitment here involved without prior Federal approval (General Municipal Law, § 554, subds. [4], [6]; § 555, subd. 1, par. [a]), and the fact that the Federal funds, which appellant counted on to purchase the property, are not available does not render performance impossible since appellant has other statutory means of funding available to it (General Municipal Law, § 554, subds. [11], [13]; see, also, General Municipal Law, §§ 555, 559). Thus, while the unavailability of the Federal funding presents appellant with additional difficulties and inconveniences, it does not render performance impossible and that is the test (*Gordon* v. *State of New York,* 233 N. Y. 1; *Cameron-Hawn Realty Co.* v. *City of Albany,* 207 N. Y. 377; see generally, 6 Williston, Contracts [rev. ed.], § 1963). Moreover, the defense of impossibility is only available where the performance is rendered impossible by the happening of an unanticipated event which could not be foreseen or guarded against in the contract (*Lorillard* v. *Clyde, supra*; 6 Williston, Contracts [rev. ed.], § 1931, p. 5411; Restatement, Contracts, § 457) and such is obviously not the case here (see *407 E. 61st Garage* v. *Savoy Fifth Ave. Corp.,* 23 N Y 2d 275; *Vandegrift* v. *Cowles Eng. Co.,* 161 N. Y. 435; *Frenchman & Sweet* v. *Philco Discount Corp.,* 21 A D 2d 180; *Standard Oil Co.* v. *Central Dredging Co.,* 225 App. Div. 407, affd. 252 N. Y. 545). Appellant admits that it knew at the time it entered into the agreement with respondent for the purchase of respondent's property that it would need Federal approval if Federal money was to be available and yet the agreement is silent concerning the obtaining of this approval. Order and judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.