Per Curiam.

Following a nonjury trial and confronted with sometimes conflicting evidence, the court found that the parties had entered into an oral contract by which appellant had agreed to be principal actor in a pilot film and in the television series which might develop therefrom. After performing in the pilot and being fully compensated therefor, appellant refused to perform in the subsequent television series.
The core issue on this appeal is whether the determination that there was a complete contract between the parties is to be upheld. The negotiations of the parties extended over many weeks. Initially the broad outlines of the contract and its financial dimensions were agreed to in September, 1971, with explicit expectations that further agreements were to follow. Additional important provisions were negotiated over the following weeks. It was during this period that appellant went to Europe for the filming of the pilot. All culminated in supplemental agreements concluded in February, 1972. The only essential term as to which there was no finding of articulated understanding was the starting date for filming the television series. This term was supplied by a finding of the trial court based on proof of established custom and practice in the industry, of which both parties were found to be aware, set in the context of the other understandings reached by them. As Mr. Justice Arnold L. Fein wrote at Trial Term (75 Misc 2d 418, 422): "[W]here the parties have completed their negotiations of what they regard as essential elements, and performance has begun on the good faith understanding that agreement on the unsettled matters will follow, the court will find and enforce a contract even though the parties have expressly left these other elements for future *1071 negotiation and agreement, if some objective method of determination is available, independent of either party’s mere wish or desire. Such objective criteria may be found in the agreement itself, commercial practice or other usage and custom. If the contract can be rendered certain and complete, by reference to something certain, the court will fill in the gaps” (see Restatement 2d, Contracts, § 230, esp Comment d; § 247; 1 Corbin, Contracts, § 95, pp 401-404; cf. May Metropolitan Corp. v May Oil Burner Corp., 290 NY 260).
The findings of fact by the trial court were expressly approved and adopted at the Appellate Division. In this procedural posture such findings, supported as they are by evidence in this record, are now beyond the scope of our review.
Noting that the defense predicated in the courts below on the Statute of Frauds has been abandoned on the appeal to us, we have examined appellant’s objection to the Appellate Division’s remand for a second trial on the issue of damages and his other contentions and find them to be without merit.
Accordingly, the judgment of Supreme Court should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Judgment affirmed, with costs.