■ HARRY BRONSON, Respondent, v POTSDAM URBAN RENEWAL AGENCY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Shea, J.), entered September 2, 1980 in St. Lawrence County, which denied defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced the instant action in May, 1976, seeking damages for breaches of contracts and tortious acts arising out of defendant's condemnation of plaintiff's property. In October, 1971, after a year of negotiations, the Potsdam Urban Renewal Agency (PURA) purchased plaintiff's properties in Potsdam, New York. Plaintiff's heating and plumbing business was located on the property, along with his seven rental apartments. Negotiations continued between the parties over the relocation of plaintiff's business, and the purchase and renovation of a new property for that business and the apartments. Plaintiff ultimately became dissatisfied with the money and treatment he had received from PURA and this suit was subsequently initiated. On May 16, 1980, defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to exhaust administrative remedies. Special Term denied the motion and this appeal ensued. There should be an affirmance. Defendant's contention that the trial court does not have subject matter jurisdiction over plaintiff's causes of action is without merit. Defendant's argument that plaintiff is a person aggrieved by a determination as to the amount of a payment received under the Federal act[*] and thus is relegated to seek administrative review under the Federal regulations and thereafter, if still aggrieved, to seek redress in Federal court, is rejected. The defendant, an urban renewal agency, had the independence under the provisions of the General Municipal Law to make the contracts alleged in the complaint with plaintiff, without placing any reliance on Federal statutes and regulations (General Municipal Law, §§ 554, 555; see *Ogdensburg Urban Renewal Agency v Moroney,* 42 AD2d 639). The fact that PURA counted on Federal funds is irrelevant. It is bound by its contracts. Nothing in the record indicates that the parties intended to rely exclusively on Federal law for remedies. Congress has not vested exclusive jurisdiction over the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (US Code, tit 42, § 4601 *et seq.)* in the Federal courts. Defendant attempts to characterize plaintiff's claim as a dispute over the amount of a relocation payment in an effort to bring it under the Federal act. However, the complaint lists five causes of action seeking money damages. They embrace breach of contract and common-law tort claims. Plaintiff's claims are not simply disputes over the amount of a relocation payment. His allegations stem from complex negotiations between the parties spanning several years and go well beyond a simple agreement to

---

[*] Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (US Code, tit 42, § 4601 *et seq.).*

pay money. Plaintiff is, therefore, entitled to a hearing in State court on the issues raised by the pleadings. Moreover, unless Congress vests exclusive jurisdiction in the Federal courts, State courts are fully empowered to enforce Federal law (1 Moore, Federal Practice [2d ed], p 240). Thus, even if this dispute were viewed as arising only under Federal law, plaintiff can still prosecute his claims in State court. Once administrative review is exhausted, judicial review is permitted under Federal regulations (24 CFR 42.711). Here, it appears that administrative review would be futile. PURA waited five years to raise the issue of exhaustion of remedies and actually refused to make payments approved by HUD, thus making administrative review most difficult to pursue. Order affirmed, with costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.