■ In the Matter of COUNTY OF BROOME, Respondent-Appellant, v COMMUTER AIRLINES, INC., Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court at Special Term (Harlem, J.), entered March 25, 1981 in Broome County, which, *inter alia,* granted petitioner's motion for summary judgment in a summary eviction proceeding brought pursuant to article 7 of the Real Property Actions and Proceedings Law, but denied petitioner costs. Since 1958, the respondent Commuter Airlines, Inc., which is certified by the Federal Aviation Administration (FAA), has, in one corporate form or another, provided air taxi service from the Broome County Airport to several cities. For that purpose, respondent leased terminal space at the airport from the petitioner, Broome County. On December 31, 1979, respondent's three-year lease with petitioner terminated and respondent, along with several other airline leaseholders in the building, became a holdover tenant on a month-to-month basis. Prior to the expiration of the lease and afterwards, petitioner began

preparing new leases for all airline tenants and on January 9, 1980 wrote respondent concerning the proposed new rental arrangements and operation costs for 1980. Petitioner planned to charge some portion of the rental fee for common areas on a relative basis, proportionate to the varying enplanement figures of the eight airline tenants, and in order to compute this charge notified respondent on March 3, 1980 that, pursuant to article 16 (par K) of their contract, it would audit respondent's enplanement and other pertinent business records. On March 10, 1980, respondent notified petitioner that due to a merger with another airline it would no longer pay the landing fees agreed to in its contract and on March 21, 1980, respondent refused to permit the requested audit. On April 15, 1980, the Broome County Legislature adopted a resolution refusing to renew respondent's lease and terminated its month-to-month tenancy as of May 15, 1980. Three reasons were given for this action: (1) that respondent's air service was unsatisfactory; (2) that respondent had refused to permit the audit in violation of the contract; and (3) that respondent had refused to pay the contractually mandated landing fees as of March 10, 1980. At the same time, petitioner renewed the leases of the other airlines. On April 17, 1980, respondent filed a complaint with the FAA alleging discrimination by petitioner. However, this claim was denied by the FAA on May 8, 1980. On April 23, 1980, respondent agreed to pay the landing fees and by letter dated May 5, 1980 agreed to permit the requested audit. Nevertheless, petitioner served respondent with a notice to terminate by July 1, 1980 pursuant to section 232-b of the Real Property Law. When respondent failed to vacate, petitioner brought the instant summary eviction proceeding. Meanwhile, respondent's second discrimination complaint was filed with the FAA in June, and again denied in September, 1980, the FAA finding no violation of Federal regulations and stating it had no authority to compel petitioner to renew respondent's lease. Respondent's motion to remove the proceeding to Federal court was denied on September 11, 1980 for the reason that no claim arising out of the Constitution, treaties or laws of the United States was presented. Special Term granted petitioner's motion for summary judgment in the summary eviction proceeding but refused the petitioner costs, and denied respondent's cross motion to dismiss which was based on its contention that the issues in the eviction proceeding were governed exclusively by Federal aviation law. Respondent's counterclaims for money damages were also dismissed and its request for an injunction was denied in all respects. Initially, we find no merit to respondent's claim that State courts are pre-empted from hearing this case, since Congress has not vested exclusive jurisdiction in the Federal courts (see US Code, tit 49, § 1506; cf. *Bronson v Potsdam Urban Renewal Agency*, 82 AD2d 946). Since respondent's lease has expired and it has received the requisite notice to vacate, no triable issue of fact exists in this summary eviction proceeding unless respondent has demonstrated a valid defense. There is no merit to respondent's contention that petitioner violated section 18 of the Airport and Airway Development Act (US Code, tit 49, § 1718, subd [a], par [1]), which requires each Federal grant recipient to provide airport services on a nondiscriminatory and substantially comparable basis to all air carriers. Nor is there any merit to respondent's claim that petitioner violated section 105 of the Federal Aviation Act (US Code, tit 49, § 1305, subd [a], par [1]), which provides that no State or its political subdivisions can enact any law "relating to rates, routes or services of any air carrier" certified to provide interstate air transportation. In regard to its claim of discrimination, the record clearly shows that petitioner intended to renew the leases of all eight airlines and that it was respondent's refusal to permit an audit, in direct violation of its lease, that prompted petitioner's action, as well as respondent's refusal to pay landing fees on March 10, 1980, a position that

was not changed until after the resolution not to renew was passed by the Legislature. Respondent's claim, that it alone was singled out for such audit, is unsupported. It was the first airline requested to grant an audit because of the volume of its business. Petitioner did in fact audit U.S. Air after the resolution and intended to audit the other tenants. Therefore, the actions of petitioner were not discriminatory. Respondent's claim that petitioner's refusal to renew the lease violates section 105 of the Federal Aviation Act (US Code, tit 49, § 1305, subd [b], par [1]), as an impermissible intervention by petitioner into the area of "rates, routes or service", is also meritless in view of the exemption stated in that section which provides: "[n]othing in subsection (a) of this section shall be construed to limit the authority of any State or political subdivision thereof * * * as the owner or operator of an airport served by any air carrier certificated by the Board to exercise its proprietary powers and rights." Petitioner herein is merely asserting its proprietary rights against respondent who, by its own actions, has become a holdover tenant on a month-to-month basis. Having failed to raise a viable defense to petitioner's summary eviction proceeding, respondent has raised no factual issue requiring trial determination and petitioner's motion for summary judgment was properly granted by Special Term. However, that judgment must be modified to grant petitioner's motion for costs. In these circumstances, the denial of costs to petitioner as the successful party was unwarranted. Judgment modified, on the law and the facts, by awarding costs to petitioner, and, as so modified, affirmed, with costs. Mahoney, P.J., Sweeney, Kane, Casey and Herlihy, JJ., concur.