■ COMPREHENSIVE BUILDING CONTRACTORS, INC., Respondent, v POLLARD EXCAVATING, INC., Appellant. [674 NYS2d 869] —Spain, J. Appeal from an order of the County Court of Albany County (Rosen, J.), entered October 20, 1997, which affirmed an order of the City Court of the City of Albany granting plaintiff's motion for partial summary judgment and denying defendant's cross motion for partial summary judgment.

On June 8, 1995, the parties executed a contract whereby defendant was to supply the materials and labor necessary to install a sewer lateral for a home built in the Town of Bethlehem, Albany County, for the sum of $4,980. It is undisputed that although defendant began working on the project, it did not complete the work. As a result plaintiff hired a new contractor, Bubonia Brothers, Inc., to finish the job. Plaintiff thereafter commenced this action seeking recovery in the amount of $10,274 for damages resulting from defendant's breach of contract for excavation services and negligence; defendant answered and asserted numerous affirmative defenses. Plaintiff then moved for partial summary judgment on the breach of contract cause of action. Defendant opposed plaintiff's motion and cross-moved for partial summary judgment seeking dismissal of plaintiff's negligence claim regarding damages to the connection of the sewer lateral and the main sewer line. City Court granted plaintiff's motion for partial summary judgment finding that plaintiff established defendant's liability for breach of contract as a matter of law and that defendant had failed to demonstrate any material issue of fact relative to that issue; the court retained jurisdiction for the purpose of conducting a trial to determine damages. City Court also denied defendant's cross motion finding issues of fact with regard to the damage at the connection of the sewer lateral with the main sewer line. Defendant appealed to County Court, which affirmed City Court's order. Defendant now appeals to this Court and we affirm.

In our view, County Court properly affirmed City Court's order granting partial summary judgment to plaintiff because no material issue of fact exists as to defendant's breach of contract. To succeed on a summary judgment motion, the proponent "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We reject defendant's contentions that it justifiably relied upon plaintiff's representations regarding the depth of the foundations and the subsurface soil

conditions and that it could not determine the accuracy of those representations without performing the actual work. The record reveals that the subdivision plat which showed the actual depth of the sewer main was on file in 1994, prior to the execution of the contract. Defendant, who held itself out as an expert excavator, could have taken reasonable steps to determine the depth of the subsurface soils and sewer main. Clearly, the facts involved were not solely within plaintiff's knowledge and defendant had the means available to locate this information, yet made no reasonable effort to do so (see, *Danann Realty Corp. v Harris*, 5 NY2d 317, 322).

We also reject defendant's contentions that triable issues of fact exist regarding the scope of the contract to be performed and its defense of impossibility. The terms of the contract reveal the intentions of the parties. Plaintiff agreed to pay defendant $4,980 and defendant agreed to excavate the land and connect the sewer line. Defendant admittedly failed to complete the contract. "Generally, once a party to a contract has made a promise, that party must perform or respond in damages for its failure, even when unforeseen circumstances make performance burdensome" (*Kel Kim Corp. v Central Mkts.*, 70 NY2d 900, 902; *Inter-Power of N. Y. v Niagara Mohawk Power Corp.*, 208 AD2d 1073). Further, "the purpose of contract law is to allocate the risks that might affect performance and that performance should be excused only in extreme circumstances" (*Kel Kim Corp. v Central Mkts., supra*, at 902). "Impossibility excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible. Moreover, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (*id.*, at 902 [citations omitted]; *see, Inter-Power of N. Y. v Niagara Mohawk Power Corp., supra*, at 1074).

Here, the record reveals that the problems were foreseeable at the time the contract was negotiated. Defendant admits that it discussed subsurface soils and the depth of digging prior to entering into the contract. Moreover, once defendant's president looked at the plat, he knew the soil conditions were misrepresented and that the sewer main was further underground; therefore, defendant was on notice of the possibility of a problem. In our view, defendant's claim is not within the confines of the doctrine of impossibility and no issues of fact exist with respect thereto.

Finally, we reject defendant's contention that City Court erred in denying its cross motion for summary judgment seek-

ing dismissal of plaintiff's claim arising from damage to the sewer main. Although there is a witness who was at the site on a day Bubonia was working on the sewer who heard a "popping" sound and observed that the lateral had pulled out of the main, that evidence is not dispositive. Defendant had previously worked at the site and an issue of fact exists as to whether defendant caused any or all of the damage to the sewer main.

White, J. P., Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.