■ Vibar Construction, Inc., Appellant, v Robert Konetchy et al., Respondents. [910 NYS2d 532]—

In an action to recover damages for breach of a contract for the sale of real property and for the return of a down payment given pursuant to that contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.),

dated October 2, 2009, which granted the defendants' motion for summary judgment dismissing the complaint and on their counterclaim awarding them the down payment as liquidated damages under the contract, and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and on their counterclaim awarding them the down payment as liquidated damages under the contract. The defendants established, prima facie, that the plaintiff's cancellation of the contract for the sale of the subject real property pursuant to a particular contractual provision was invalid (see Lot 57 Acquisition Corp. v Yat Yar Equities Corp., 63 AD3d 1109, 1110 [2009]). Specifically, the defendants established that the plaintiff failed to make diligent, good faith efforts to apply for, and to pay the associated fee and escrow deposit for, a wetlands activity permit for a three-bedroom, single-family residence, driveway, and Subsurface Sewage Treatment System for the subject property, with the Planning Board of the Town of Lewisboro (hereinafter the Planning Board). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff conceded that it did not attempt to file the subject application with the Planning Board or to pay the associated fee or escrow deposit. Despite the plaintiff's claims that it diligently sought to file the application with the town wetlands inspector, this proved unsuccessful and ran counter to the procedure mandated by both the contract of sale and the Town Code (see Code of Town of Lewisboro § 217-5 [D] [1] [e]; § 217-7 [A] [2]).

Moreover, the Supreme Court properly rejected the plaintiff's claim that the contract of sale was invalid because there was no meeting of the minds regarding the material terms of the transaction, specifically, the date by which the plaintiff was to obtain a wetlands activity permit. Contrary to the plaintiff's contentions, by countersigning the contract without altering or otherwise objecting to the handwritten changes unilaterally made by the plaintiff's attorney, including the date change, accepting the down payment, and returning a copy of the signed contract to the plaintiff, the defendants clearly acquiesced to the plaintiff's changes to the contract (see Tarlo v Robinson, 118 AD2d 561, 565 [1986]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Florio, Angiolillo and Dickerson, JJ., concur.