■ SQUIRE MCBEASLEY, INC., et al., Appellants, v 36TH STR, LLC, Respondent. [941 NYS2d 328]—

Malone Jr., J. Appeal from an order of the Supreme Court (McGrath, J.), entered November 17, 2010 in Rensselaer County, which, among other things, denied plaintiffs' motion for partial summary judgment.

In June 2007, plaintiff Squire McBeasley, Inc. and defendant entered into a commercial lease agreement whereby defendant agreed to lease its premises in the Town of Colonie, Albany County to Squire for the purposes of operating a dog kennel franchise. Contemporaneously, defendant and plaintiff Spencer Foisy, Squire's principal, executed a building modification agreement whereby defendant agreed to build an addition to its existing building to accommodate plaintiffs' business. Issues thereafter arose with respect to defendant's compliance with various municipal codes and regulations, which delayed the construction of the addition. When the addition was not constructed within the time period set forth in the building modification agreement, plaintiffs declared defendant to have breached the agreement, terminated the lease and commenced this breach of contract action and, subsequently, moved for partial summary judgment. Finding that the parties' respective compliance with applicable municipal codes and regulations was a condition precedent to defendant's obligation to perform under the building modification agreement—and that such condition had not been satisfied—Supreme Court denied plaintiffs' motion and, sua sponte, awarded summary judgment dismissing the complaint to defendant. Plaintiffs appeal.

"[A] contractual duty ordinarily will not be construed as a

condition precedent absent clear language showing that the parties intended to make it a condition" (*Mullany v Munchkin Enters., Ltd.*, 69 AD3d 1271, 1274 [2010] [internal quotation marks and citations omitted]). The building modification agreement, which is referred to in paragraph 11 of the lease, provides that plaintiffs were required to pay defendant $25,000 at the start of construction, which funds were to be used by defendant to cover expenses such as building permits, architectural drawings and legal fees, and that the construction would "take approximately three to four months" to complete. There are no express conditions precedent contained in the building modification agreement, and we are not persuaded that a reading of the "four corners of the document" (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]) leads to the conclusion that the parties intended for paragraphs 6 and 7 of the lease agreement—which expressly condition the effectiveness of the lease on plaintiffs' ability to secure the applicable governmental approval of its use and occupancy of the premises—to place any conditions on defendant's obligation to perform under the building modification agreement.

Here, there being no clear language expressing an intent to condition defendant's obligation to perform upon its securing a building permit, plaintiffs' evidence that the work was not complete within the time period specified in the agreement satisfied their initial burden, as movants for partial summary judgment, that defendant was in breach of the contract. However, in opposing plaintiffs' motion for summary judgment, defendant presented evidence that its inability to complete the modifications within the time period set forth in the building modification agreement was due to circumstances beyond its control, including allegations that its inability to immediately secure a building permit was despite its diligent efforts (*see Bast Hatfield, Inc. v Joseph R. Wunderlich, Inc.*, 78 AD3d 1270, 1275-1276 [2010]). This evidence was sufficient to demonstrate that issues of fact exist as to, among other things, whether defendant's failure to complete the building modifications within the specified time period is excusable. Thus, Supreme Court erred in sua sponte granting summary judgment to defendant.

Mercure, A.P.J., Rose, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted summary judgment to defendant dismissing the complaint, and, as so modified, affirmed.