Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered April 18, 2012, after a nonjury trial, in plaintiffs favor, unanimously reversed, on the law, with costs, the judgment vacated, and the matter remanded for a new trial. Appeal from order, same court and Justice, entered January 13, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to the trial court’s determination, plaintiff failed to demonstrate that the parties intended to be bound by the terms of the written agreement without signing the agreement (see Matter of Municipal Consultants & Publs. v Town of Ramapo, 47 NY2d 144, 148-149 [1979]). Moreover, it is clear from the agreement that plaintiff was required to provide a design for a house with an estimated cost of construction consistent with defendant’s project budget. To construe the agreement as plaintiff urges would mean that the estimate, and therefore plaintiffs fee (15% of the estimate), would be untethered to any objective measure, thus rendering the agreement unenforceable (see Metro-Goldwyn-Mayer v Scheider, 40 NY2d 1069 [1976]).
Given the existence of an express agreement, plaintiff may not recover in quantum meruit (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]). Nor did plaintiff establish an account stated, since defendant never paid any invoice related to the new construction or the $1,000,000 estimate (see Stephan B. Gleich & Assoc. v Gritsipis, 87 AD3d 216, 223 [2d Dept 2011]).
Plaintiffs attorneys’ fees were awarded not only pursuant to the unsigned agreement not adopted by the parties, but also without an evidentiary basis, since no evidence was given, either at trial or an inquest, as to the proper amount of fees. Concur — Mazzarelli, J.R, Saxe, DeGrasse, Manzanet-Daniels and Clark, JJ.