■ METROPOLITAN ENTERPRISES NY, Also Known as METRO-POLITAN ENTERPRISES, INC., Appellant, v KHAN ENTERPRISE CONSTRUCTION, INC., et al., Respondents. [1 NYS3d 328]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated October 12, 2012, which granted the motion of the defendant Khan Enterprise Construction, Inc., pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Khan Enterprise Construction, Inc., pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint is denied, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

" 'A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party' " (*Clarke v Phillips*, 112 AD3d 872, 874 [2013], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). " 'In considering the motion, the trial court must afford the party opposing the motion every inference which may be properly drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Clarke v Phillips*, 112 AD3d at 874, quoting *Miller v Bah*, 74 AD3d 761, 763 [2010]).

To create a binding contract, there must be a meeting of the minds as to the material terms of the agreement (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *Highland HC, LLC v Scott*, 113 AD3d 590, 594 [2014]; *Vibar Constr., Inc. v Konetchy*, 78 AD3d 819, 820 [2010]). Stated differently, "there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d at 589). However, "[w]hile there must be a manifestation of mutual assent to essential terms, parties also should be held to their promises and courts should not be 'pedantic or meticulous' in interpreting contract expressions" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 483 [1989], quoting 1 Corbin, Contracts § 95 at 396 [1963]).

Viewing the evidence in the light most favorable to the

plaintiff, we find that the plaintiff established, prima facie, that an enforceable contract existed between it and the defendant Khan Enterprise Construction, Inc. (hereinafter Khan). The evidence established that the plaintiff and Khan entered into a contract pursuant to which the plaintiff agreed to provide certain scaffolding and sidewalk bridging equipment for use by Khan in connection with three school construction projects. The plaintiff sent six proposals to Khan, which detailed the scope of the work, referred to the location of the projects, and contained the rental period and price to be paid. The proposals were signed by Khan's representative, the plaintiff fully performed its obligations under the proposals, and Khan made partial payments to the plaintiff in connection with the proposals (*see Metro-Goldwyn-Mayer v Scheider*, 40 NY2d 1069 [1976]). Contrary to Khan's contention, viewing this evidence in the light most favorable to the plaintiff (*see Clarke v Phillips*, 112 AD3d at 874), it established, prima facie, that the plaintiff and Khan reached a "meeting of the minds" as to the material terms of their agreement (*Vibar Constr., Inc. v Konetchy*, 78 AD3d at 820).

Accordingly, the Supreme Court should have denied Khan's motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law. Therefore, we reverse the order appealed from, deny Khan's motion pursuant to CPLR 4401, and remit the matter to the Supreme Court, Kings County, for a new trial (*see Palladino v McCormick*, 122 AD3d 813 [2014]).

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.