Matter of Space Race LLC v Alabama Space Science Exhibit (2020 NY Slip Op 03716)





Matter of Space Race LLC v Alabama Space Science Exhibit


2020 NY Slip Op 03716


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Acosta, P.J., Renwick, Richter, González, JJ.


655649/18 11479A 11479

[*1] In re Space Race LLC, Petitioner-Respondent,
v
Alabama Space Science Exhibit Commission doing business as U.S. Space & Rocket Center, Respondent-Appellant.


Maynard Cooper & Gale, PC, New York (John M. Hintz of counsel), for appellant.
Kennedy Berg LLP, New York (Gabriel Berg of counsel), for respondent.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered April 11, 2019, in the amount of $1,405,528, and bringing up for review an order, same court and Justice, entered April 1, 2019, which, inter alia, granted petitioner Space Race LLC's petition to confirm an arbitration award and denied respondent Alabama Space Science Exhibition Commission (ASSEC)'s motion to stay these proceedings pending determination of its petition to vacate the award in Alabama state court, unanimously affirmed, without costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In July 2016, ASSEC and Space Race entered into a memorandum of agreement (MOA) in which Space Race agreed to produce a series of animated television shows aiming to promote science, technology, engineering, and mathematics education. Under the terms of the MOA, ASSEC agreed to distribute $4.5 million in grant funds it received from the National Aeronautics and Space Administration (NASA) to Space Race over three years. The parties agreed that Alabama law would govern the terms of the MOA. The MOA further provided that if a dispute between the parties remained unresolved, it would be "settled by arbitration, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (AAA)," and actions could be brought "in a court of competent jurisdiction" to compel compliance. The AAA Rules to which the MOA refers provide, inter alia, that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof" (AAA Rule 52[c]).
ASSEC subsequently failed to pay the final installment of NASA's grant money in the amount of $1.3 million to Space Race. On January 2, 2018, Space Race initiated arbitration against ASSEC with the AAA in New York. After holding hearings, in which both parties fully participated, the arbitration panel issued an award in favor of Space Race in the amount of $1,365,582. In the award, the panel explicitly noted that although ASSEC claimed that it was "an agency of the State of Alabama," ASSEC waived its sovereign immunity defense during the course of the hearings when its counsel confirmed that ASSEC would not assert such defense.
On November 13, 2018, the same day that the arbitration panel issued the award, Space Race filed with the IAS court and served upon ASSEC a summons with notice to confirm the award. ASSEC cross-moved to dismiss on sovereign immunity grounds, but did not move to vacate any of the findings in the arbitration award. Three months later, on or about February 13, 2019, ASSEC initiated an action in the Circuit Court for Madison County, Alabama, seeking to vacate the arbitration award and enjoin the proceedings in New York until the Alabama action was decided. Two days later, Space Race obtained an order from the IAS court enjoining ASSEC from seeking to vacate the arbitration award in Alabama pending the disposition of the [*2]New York confirmation proceeding.
The IAS court properly confirmed the arbitration award. On appeal, ASSEC does not contend that the parties lacked a meeting of the minds relative to the material terms of the MOA (Metropolitan Enters. NY v Khan Enter. Constr., Inc., 124 AD3d 609 [2d Dept 2015]). Their agreement to arbitrate any dispute is irrevocable and enforceable (9 USC § 2). Rather, ASSEC invokes the defense of sovereign immunity and claims that New York may not exercise jurisdiction over agencies of other states. Space Race counters that ASSEC is not a state agency entitled to sovereign immunity, and in any event, has waived any such claim.
Waivers of sovereign immunity are strictly construed, and a waiver by inference is therefore disfavored (Matter of Bello v Roswell Park Cancer Inst., 5 NY3d 170,173 [2005], citing Sharapata v Town of Islip, 56 NY2d 332, 336 [1982]). Here, however, ASSEC waived any defense of sovereign immunity by proceeding with arbitration and by explicitly waiving this defense [FN1] (see C & L Enters., Inc. v Citizen Band Potawatomi Indian Tribe of Oklahoma, 532 US 411 [2001] [Native Nation may agree, by express contract, to waive sovereign immunity]). In light of ASSEC's waiver, we need not decide whether ASSEC is a state agency entitled to sovereign immunity.
The IAS court properly denied ASSEC's motion to stay the New York proceedings. ASSEC provides no reason to deviate from the first-in-time-filed rule. It proffers no evidence to show that Space Race's action was vexatious, oppressive or instituted to obtain an unjust advantage (see Ace Prop. & Cas. Ins. Co. v Federal-Mogul Corp., 55 AD3d 479 [1st Dept 2008]). Now that it has received an unfavorable outcome, ASSEC may not change its position and forum shop. The Federal Arbitration Act does not require the New York court to cede [*3]jurisdiction to Alabama (see 9 USC § 12).
We have considered ASSEC's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK



Footnotes

Footnote 1: "THE CHAIRMAN: Let me just ask, because I think this is explaining a case which you can explain to us or we can read it, but just is sovereign immunity an issue in this case because I haven't heard it raised? . . . Is it an issue in this case?
"MR. KAUFMANN: We've pled our affirmative defenses. We have not said sovereign immunity. That's why we're scratching our head here.
. . .
"THE CHAIRMAN: I've been told they're not asserting a sovereign immunity defense in this case. If that's so, it's not relevant.
"ARBITRATOR ASHINOFF: Is that the case, Mr. Kaufmann?
"MR. KAUFMANN: Yes."
(Arbitration Hearing, July 25, 2018).