Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC (2022 NY Slip Op 01086)





Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC


2022 NY Slip Op 01086


Decided on February 17, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 17, 2022

533250
[*1]Shmaltz Brewing Company, LLC, Respondent,
v
Dog Cart Management LLC et al., Appellants, et al., Defendant.

Calendar Date:January 7, 2022

Before:Garry, P.J., Egan Jr., Aarons and Colangelo, JJ.

Waite & Associates, PC, Slingerlands (Stephen J. Waite of counsel), for appellants.
Harris, Conway & Donovan, PLLC, Albany (Ryan T. Donovan of counsel), for respondent.



Aarons, J.
Appeal from an order of the Supreme Court (Freestone, J.), entered October 27, 2020 in Saratoga County, which, among other things, partially denied a motion by defendants Dog Cart Management LLC and Thomas Nicchi Jr. to dismiss the amended complaint against them.
Plaintiff, a craft beer brewery, and defendant Dog Cart Management LLC, an operator of a comedy club, entered into a contract relating to the licensing of plaintiff's trademark at a tasting room that was to be operated by Dog Cart but had yet to be opened. The tasting room, however, never officially opened. Plaintiff commenced this action alleging, as relevant here, claims for breach of contract, breach of the implied covenant of good faith and fair dealing and unjust enrichment stemming from Dog Cart's failure to pay the licensing fees as required by the contract. Plaintiff also alleged factual allegations seeking to pierce the corporate veil and hold defendant Thomas Nicchi Jr., Dog Cart's owner, personally liable. Nicchi and Dog Cart (hereinafter collectively referred to as defendants) moved, in a pre-answer motion, to dismiss the complaint under CPLR 3211 (a) (1) and (7). Plaintiff opposed and cross-moved for leave to amend the complaint. Supreme Court, as relevant here, granted plaintiff's cross motion and partially denied defendants' motion.[FN1] This appeal by defendants ensued.
According to the amended complaint, the contract became effective upon its execution by both parties in November 2018. For the year 2019, Dog Cart was to pay plaintiff a licensing fee of $90,000 and that payment was to begin upon the first official day of operation of the tasting room to the public. A soft opening of the tasting room was held in early February 2019 and it was mutually agreed that the tasting room would open to the public in mid-February 2019. Plaintiff alleged that Dog Cart ordered beer from it prior to the soft opening and that plaintiff paid for draft lines and provided signage for the tasting room. Plaintiff further alleged that Dog Cart unilaterally decided not to open the tasing room and that it has not been paid any licensing fees.
As to the breach of contract claim, defendants argue that plaintiff failed to install draft lines at the tasting room, which, according to defendants, was a precondition of the contract. "A contractual duty ordinarily will not be construed as a condition precedent absent clear language showing that the parties intended to make it a condition" (Squire McBeasley, Inc. v 36th Str, LLC, 93 AD3d 1123, 1123-1124 [2012] [internal quotation marks, brackets and citations omitted]). The contract stated that one of plaintiff's obligations was to install draft lines at the tasting room. The contractual language, however, does not indicate that such obligation was a condition precedent imposed upon plaintiff (see Rooney v Slomowitz, 11 AD3d 864, 865-866 [2004]; compare Mullany v Munchkin Enters., Ltd., 69 AD3d 1271, 1274 [2010]). Accordingly, defendants' [*2]argument is without merit.
Defendants also assert that the contract was unenforceable because it failed to contain certain material terms. "If an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (Cobble Hill Nursing Home, Inc. v Henry & Warren Corp., 74 NY2d 475, 482 [1989] [citation omitted], cert denied 498 US 816 [1990]). Defendants premise their assertion on the lack of a beer price schedule in the contract and the omission therein of a specific opening date for the tasting room. Regarding the opening date, the contract provided that the parties would mutually agree upon an opening date of the tasting room after a soft opening was conducted. In view of the foregoing and given that "not all terms of a contract need [to] be fixed with absolute certainty" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589 [1999]), the lack of a specific date for the opening of the tasting room does not render the contract unenforceable (see Vibar Constr., Inc. v Konetchy, 78 AD3d 819, 820 [2010]). Regarding the beer price schedule, defendants maintain that this was a material term because the parties entered into a supply-sale contract for the purchase and sale of beer. Reading the contract as a whole and noting that it was entitled "Trade Name License Agreement," the record does not conclusively support defendants' characterization of the contract. As such, defendants are not entitled to dismissal of the breach of contract claim on this basis.
Defendants also rely on the doctrine of frustration of purpose. To invoke this doctrine, "the frustrated purpose must be so completely the basis of the contract that, as both parties understood, without it, the transaction would have made little sense" (Warner v Kaplan, 71 AD3d 1, 6 [2009] [internal quotation marks and citation omitted], lv denied 14 NY3d 706 [2010]). "The doctrine applies when a change in circumstances makes one party's performance virtually worthless to the other, frustrating [its] purpose in making the contract" (PPF Safeguard, LLC v BCR Safeguard Holding, LLC, 85 AD3d 506, 508 [2011] [internal quotation marks and citation omitted]). According to defendants, the purpose of the contract — the operation of a tasting room — was frustrated because Dog Cart's lease for the premises where the tasting room was to be located was terminated. The documentary evidence submitted by defendants, however, does not conclusively show that such lease was terminated. Although the record contains a notice of termination of the lease, there was also evidence that Dog Cart commenced the action to have the lease declared valid and that the eviction claims against it was not successful. Accordingly, defendants' reliance on the frustration of purpose doctrine is unavailing.
As to defendants' defense of impossibility argument, "[i]mpossibility excuses a party's performance only when the destruction of the subject matter [*3]of the contract or the means of performance makes performance objectively impossible" (Comprehensive Bldg. Contrs. v Pollard Excavating, 251 AD2d 951, 952 [1998] [internal quotation marks and citations omitted]). Defendants point to the shutdown of businesses due to the COVID-19 pandemic as the basis for their impossibility argument. Defendants, however, merely assert in a conclusory manner that a widespread shutdown of businesses impacted them. In the absence of documentary evidence conclusively establishing that performance under the contract by Dog Cart was impossible as a consequence of the shutdown of businesses, dismissal of the breach of contract claim based upon the impossibility defense is not warranted.
Defendants are also not entitled to dismissal of the unjust enrichment cause of action. As to this claim, plaintiff alleges that it provided beer to Dog Cart and purchased draft equipment — neither of which was reimbursed by Dog Cart. Because the allegations of damages underlying the unjust enrichment claim differ than those underlying the breach of contract claim (compare Redwing Constr. Co., Inc. v Sexton, 181 AD3d 1027, 1030-1031 [2020]), plaintiff adequately states a claim for unjust enrichment. Furthermore, although the contract provided that plaintiff was to install draft lines at the comedy club, it does not conclusively establish that plaintiff was required to bear the entire cost for purchasing draft equipment. As such, dismissal of the unjust enrichment cause of action is improper at this juncture.
Supreme Court, however, erred by denying that part of defendants' motion seeking dismissal of the cause of action alleging breach of the implied covenant of good faith and fair dealing. A review of the allegations in the amended complaint discloses that this cause of action is based upon the same set of facts and seeks similar damages as the breach of contract cause of action. In view of this, the breach of the implied covenant of good faith and fair dealing cause of action is duplicative of the breach of contract cause of action and, therefore, it should have been dismissed (see Catlyn & Derzee, Inc. v Amedore Land Devs., LLC, 166 AD3d 1137, 1140 [2018]; Fahs Constr. Group, Inc. v State of New York, 123 AD3d 1311, 1313 [2014], lv denied 25 NY3d 902 [2015]).
Defendants contend that Supreme Court erred by not striking certain scandalous or prejudicial language. No appeal, however, lies as of right from an order denying a motion to strike scandalous or prejudicial language from a pleading (see CPLR 5701 [b] [3]). Accordingly, their contention is not properly before us (see Krusen v Moss, 174 AD3d 1180, 1180 [2019]). Finally, Supreme Court correctly found that plaintiff alleged sufficient facts in the amended complaint to pierce the corporate veil (see Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d 605, 607 [2018]; Trans Intl. Corp. v Clear View Tech., 278 AD2d 1, 1-2 [2000]).
Garry, P.J., Egan Jr. and Colangelo[*4], JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Dog Cart Management LLC and Thomas Nicchi Jr. to dismiss the cause of action alleging breach of the implied covenant of good faith and fair dealing; motion granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: Defendants moved for dismissal of the complaint prior to when plaintiff sought leave to amend it. Supreme Court noted that defendants, in their reply, addressed the allegations raised in the amended complaint and deemed defendants' motion as directed towards the amended complaint.