| Markowitz v 420 Kent Ave. LLC |
| :---: |
| 2024 NY Slip Op 33480(U) |
| October 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 527648/2021 |
| Judge: Peter P. Sweeney |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS, PART 73

------------------------------------------------------------------X

MALKA MARKOWITZ,

                                              Plaintiff,

              -against-

420 KENT AVENUE LLC, FIRST SERVICE
RESIDENTAL INC. and U.S. RENT A FENCE INC.,

                                              Defendants.
------------------------------------------------------------------X

Index No.: 527648/2021
Motion Date: 9-23-24
Mot. Seq. No.: 3

**DECISION/ORDER**

The following papers, which are e-filed with NYCEF as items 44-49, were read on this motion:

In this action to recover damages for personal injuries, defendants 420 KENT AVENUE LLC and FIRST SERVICE RESIDNTIAL INC. (collectively, "420 Kent") move for an order pursuant to CPLR 2221(d)(2) granting reargument of their and U.S. RENT A FENCE INC.'s ("US Fence") motions for summary judgment which were decided by Order of this Court dated April 29, 2024, and upon reargument, for an order (1) denying that branch of US Fence prior motion for summary judgment against defendant and 420 Kent on its failure to procure insurance claim; and (2) granting that branch of their motion for summary judgment against US Fence on its claim for common-law indemnification.

**Background:**

In or around June 2021, 420 Kent contracted with US Fence to install a temporary six-foot chain link fence on its property on July 2, 2021, and to remove that the fence on July 5, 2021. 420 Kent wanted the fence installed to protect its landscaping from crowds that were expected to come and watch the fireworks on July 4, 2021, from an adjacent boardwalk and park. The installation of the fence included the placement of bases, clamps and sandbags.

The contract between 420 Kent and US Fence included the following provision:

> The Customer [420 Kent] shall obtain . . . the **forms and amounts of insurance coverage set forth in this Rental Agreement** from an insurance company approved by [US Fence]. Each policy of insurance shall name [US Fence]…as additional insureds. This

1

coverage shall remain in effect for the entire duration that the Equipment are on the Project. This insurance shall, at a minimum, provide coverage in the event of death, injury or casualty to property, whenever such shall occur, arising out of, resulting from or related to the use of Equipment by the [420 Kent].

The accident giving rise to this accident occurred on July 5, 2024, between 8:00 a.m. and 8:30 a.m. while the plaintiff walking in the park adjacent to 420 Kent's property. Plaintiff claims that she was injured when she tripped on the square base of the fence. At the time, US Fence was in the process of removing the fence. 420 Kent did not supervise the installation or removal of the fence.

**The Prior Motions**:

Defendant 420 Kent had previously moved for summary judgment against US Fence on its claim for common-law indemnification. US Fence cross-moved for summary judgment against 420 Kent on its claims for contractual indemnification and failure to provide insurance. In support of that branch of its motion for summary judgment on its claim of failure to procure insurance, US Fence submitted a letter from Greater New York (GNY), 420 Kent's general liability carrier, disclaiming coverage as to US Fence on the ground that US Fence was not an additional insured on the policy. By Order dated April 29, 2024, this Court (1) denied 420 Kent's motion for summary judgment on its cause of action against US Fence for common-law indemnification; (2) denied that branch of US Fence's cross-motion for summary judgment on its cause of action for contractual indemnification against 420 Kent; and (3) granted that branch of US Fence's motion for summary judgment against 420 Kent on its claim that 420 Kent failed to name US Fence as an additional insured on its policy.

**Discussion**:

A. **Failure to Procure Insurance:**

A motion to reargue made pursuant to C.P.L.R. § 2221(d) is designed to afford a party the "opportunity to establish that the court overlooked or misapprehended the relevant facts or misapplied a[ny] controlling principle of law." 420 Kent contends that in granting US Fence summary judgment against 420 Kent on its claim of failure to procure insurance, the Court erred

2

[* 2]

in rejecting 420 Kent's claim that the insurance procurement provision contained in the rental agreement was unenforceable. 420 Kent maintained that since rental agreement did not specify the "forms and amounts" of the coverage that 420 Kent was supposed to procure, there was no meeting of the minds as to the material terms of the agreement.

420 Kent's claim that the rental agreement failed to specify the "forms" of the insurance 420 Kent was supposed to procure is without merit. The rental agreement provides that "This insurance shall, at a minimum, provide coverage in the event of death, injury or casualty to property, whenever such shall occur, arising out of, resulting from or related to the use of Equipment by the [420 Kent]." This language sufficiently states the forms of the insurance policy 420 Kent was supposed to procure for US Fence.

The more difficult issue is whether the rental agreement's failure to specify the amounts of insurance coverage that 420 Kent was supposed to procure for US Fence renders the rental agreement unenforceable. To create a binding contract, there must be a meeting of the minds as to the material terms of the agreement (*see Matter of Express Indus. & Term. Corp. v. New York State Dept. of Transp.,* 93 N.Y.2d 584, 589, 693 N.Y.S.2d 857, 715 N.E.2d 1050; *Highland HC, LLC v. Scott,* 113 A.D.3d 590, 594, 978 N.Y.S.2d 302; *Vibar Constr., Inc. v. Konetchy,* 78 A.D.3d 819, 820, 910 N.Y.S.2d 532) and that "there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v. New York State Dept. of Transp.,* 93 N.Y.2d at 589, 693 N.Y.S.2d 857, 715 N.E.2d 1050). However, parties should be held to their promises and courts should not be 'pedantic or meticulous' in interpreting contract expressions" (*Cobble Hill Nursing Home v. Henry & Warren Corp.,* 74 N.Y.2d 475, 483, 548 N.Y.S.2d 920, 548 N.E.2d 203, quoting 1 Corbin, Contracts § 95 at 396 [1963]). Before rejecting an agreement as indefinite, a court must be satisfied that the agreement cannot be rendered reasonably certain by reference to an extrinsic standard that makes its meaning clear (1 Williston, Contracts § 47, at 153–156 [3d ed. 1957]). The conclusion that a party's promise should be ignored as meaningless "is at best a last resort." (*Cohen & Sons v Lurie Woolen Co.,* 232 N.Y., at 114, 133 N.E. 370, *supra.*)

3

Here, the rental agreement clearly and unequivocally obligated 420 Kent to procure a policy of insurance providing "coverage in the event of …injury" and to name US Fence as an additional insured.  420 Kent should be held to its promise.  The agreement further provided; "Each policy of insurance shall name [US Fence] … as additional insureds."  420 Kent was apparently insured under a policy of insurance issued by GNY that provided coverage in the event of injury, but US Fence was not named on the policy as an additional insured.  Contrary to 420 Kent's contention, GNY's disclaimer letter sufficiently demonstrated, prima facie, that US Fence was not named as an additional inured on the GNY policy.  The burden thus shifted to US Fence to submit admissible proof creating a triable issue of fact as to whether it named US Fence as an additional insured on a policy of insurance that provided coverage in the event of injury.  420 Kent submitted no such proof.  Thus, US Fence is entitled to summary judgment on its failure to procure coverage and 420 Kent must indemnify US Fence up to the policy limits of the GNY policy.

### B.  Common Law Indemnification:

The Court also rejects 420 Kent's claim that the Court improperly denied its motion for summary judgment on its claim against US Fence for common law indemnity.  While an owner of property is not vicariously liable for the negligent acts and omissions of an independent contractor that it hires to do work, an exception to this rule is when an independent contractor's negligence causes a dangerous condition on a sidewalk or public highway, the owner is vicariously liable (see *Boylhart v. DiMarco & Reimann,* 270 N.Y. 217, 221, 200 N.E. 793; *Rohlfs v. Weil,* 271 N.Y. 444, 3 N.E.2d 588; *see also Thomassen v. J & K Diner,* 152 A.D.2d 421, 424, 549 N.Y.S.2d 416, *appeal dismissed* 76 N.Y.2d 771, 559 N.Y.S.2d 979, 559 N.E.2d 673). The rationale for the exception is that a property owner is subject to liability upon the theory that the responsibility to keep public thoroughfares safe is so important to the community that the employer should not be permitted to transfer liability therefor to another (*Boylhart, supra*).  Thus, the possibility exists that any liability on 420 Kent's part would be only vicarious in nature and would have a valid claim against US Fence for common law indemnity.

Nevertheless, to establish its entitlement to summary judgment or for conditional summary judgment on its claim against US Fence or common-law indemnification, 420 Kent

4

[* 4]

was required to prove not only that it was not negligent, but also that US Fence was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury (*Benedetto v. Carrera Realty Corp.*, 32 A.D.3d 874, 875–76, 822 N.Y.S.2d 542, 544). Here, while 420 Kent established that US Fence had the authority to direct, supervise and control the work, it did not establish its own freedom from negligence as a matter of law. The record is far from clear as to how long the alleged dangerous condition that plaintiff claims caused his accident was in existence prior to the accident. Thus, the record presented on the prior motion did not establish as a matter of law that 420 Kent lacked constructive notice of the alleged dangerous condition. If a jury concludes that the condition that caused plaintiff's accident was unsafe, that 420 Kent had constructive notice of the condition, and that it failed to take adequate precautions to protect pedestrians from the condition, the jury can find that 420 Kent was negligent. For this reason alone, 420 Kent's claim against US Fence for summary judgment or conditional summary judgment on its claim against US Fence for common law indemnification was properly denied.

Accordingly, it is hereby

**ORDRED** that the motion is in all respects denied.

This constitutes the decision and order of the Court.

Dated: October 2, 2024

**PETER P. SWEENEY, J.S.C.**

Note: This signature was generated electronically pursuant to Administrative Order 86/20 dated April 20, 2020

5

[* 5]