Ithaca Montessori Sch. v Pfeffer (2025 NY Slip Op 03618)

Ithaca Montessori Sch. v Pfeffer

2025 NY Slip Op 03618

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-1016
[*1]Ithaca Montessori School, Respondent,
v
Destiny Pfeffer, Appellant.

Calendar Date:April 29, 2025

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Destiny Pfeffer, Odessa, appellant pro se.
D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Elizabeth Aherne, J.), entered May 15, 2024 in Tompkins County, which, upon renewal, granted plaintiff summary judgment.
Plaintiff is a school for infants and toddlers in the City of Ithaca, Tompkins County, which implements Montessori principles and practices. Defendant was employed by plaintiff from 2017 through September 2021. In March 2019, the parties entered into a written teacher tuition assistance agreement wherein plaintiff agreed to pay defendant's tuition, salary and a stipend for her to attend an American Montessori Society sanctioned training program, and thus become an accredited Montessori teacher. In exchange, defendant was required to work as a teacher at plaintiff's school for three full academic years from the date she received her accreditation to forgive the debt or, in the alternative, repay the money.[FN1]
Defendant completed the program and received her Montessori credentialing in August 2021 and terminated her employment with plaintiff the following month, thereby extinguishing one method of repayment available under the contract. Nor does defendant dispute that she has not repaid any of the monies extended to her by plaintiff.[FN2] Thus, plaintiff brought this breach of contract claim seeking reimbursement of the funds. Defendant answered asserting numerous affirmative defenses, including, as relevant here, unbearable working conditions. Plaintiff subsequently moved for summary judgment seeking, among other relief, dismissal of defendant's answer and all affirmative defenses. Supreme Court partially granted plaintiff's motion dismissing all affirmative defenses except for that of unbearable working conditions, which the court interpreted to be this self-represented litigant's assertion of the affirmative defense of impossibility of performance. The court then determined that, with respect to this last defense, the motion was premature and denied summary judgment with respect to it without prejudice.
Approximately eight months later, plaintiff brought a second motion for summary judgment alleging that defendant's defense of impossibility of performance was belied by her application seeking reemployment with plaintiff in April 2023.[FN3] Defendant opposed the motion, and, after hearing oral argument, Supreme Court granted plaintiff's motion and awarded plaintiff judgment. Defendant appeals.
For plaintiff to prevail on its motion for summary judgment, "a cause of action for breach of contract requires that plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of defendant to perform [her] obligations and damages resulting from defendant's breach" (Bank of Am., N.A. v Neroni, 226 AD3d 1273, 1275 [3d Dept 2024] [internal quotation marks and citation omitted]; accord Cobleskill Stone Prods., Inc. v Merchants Natl. Bonding, Inc., 223 AD3d 1021, 1023 [3d Dept 2024]). As to defendant's defense of impossibility of performance argument, "impossibility [*2]excuses a party's performance only when the destruction of the subject matter of the contract or the means of performance makes performance objectively impossible" (Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d 1349, 1352 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). "The vitiation of a contract based upon impossibility of performance is rarely imposed . . . . Moreover, the impossibility must be produced by an unanticipated event that could not have been foreseen or guarded against in the contract" (Lagarenne v Ingber, 273 AD2d 735, 737 [3d Dept 2000] [internal quotation marks and citations omitted]). As such, this defense has "been applied narrowly, due in part to judicial recognition that the purpose of contract law is to allocate the risks that might affect performance and that performance should be excused only in extreme circumstances" (Kel Kim Corp. v Central Mkts., 70 NY2d 900, 902 [1987]).
Plaintiff's second motion augmented its initial submissions,[FN4] with the addition of a copy of plaintiff's application for employment to defendant for the position of "Lead Montessori Guide — Toddler Level" showing she applied on April 21, 2023, and was rejected for the position on April 25, 2023. Defendant opposed this motion denying that she ever reapplied to work for plaintiff, expressing bewilderment as to the source of the application and dubiousness as to its authenticity. Plaintiff's reply in further support of its motion included the affidavit of Donna Wheeler, plaintiff's Director of Education and defendant's direct supervisor, who worked with her on a daily full-time basis in the same building and stated that defendant did not complain about her work conditions and that she had reapplied for a position with plaintiff in April 2023. For a surreply, defendant submitted an affidavit of a former employee, who was employed between 2015 through August 2019 and had left her employment with plaintiff because she was dissatisfied with plaintiff's working conditions. We agree with Supreme Court that plaintiff satisfied its prima facie burden in support of its motion for summary judgment by tendering evidence that defendant accepted the benefits of the teacher tuition acceptance agreement, that she received an American Montessori Society certification, and that she did not complete her three-year employment commitment nor repay the funds expended.
In response, defendant merely asserts in a conclusory manner that her working conditions were unpleasant and burdensome and that she had a resume online with Indeed.com but she did not actively reapply to plaintiff. However, in addition to her denials being conclusory and self-serving statements incapable of thwarting summary judgment (see Citibank, NA v Abrams, 144 AD3d 1212, 1216 [3d Dept 2016]), the specific assertions regarding her working conditions do not "rise to the level to warrant excusing performance of the [agreement] under the rarely imposed theory of impossibility [*3]of performance" (Granger Constr. Co., Inc. v TJ, LLC, 134 AD3d 1329, 1332 [3d Dept 2015]; see Shmaltz Brewing Co., LLC v Dog Cart Mgt. LLC, 202 AD3d at 1352; Ogdensburg Urban Renewal Agency v Moroney, 42 AD2d 639, 640 [3d Dept 1973]). Moreover, the defense of impossibility is only available by the happening of an unanticipated event that could not be foreseen or guarded against. Here, defendant had been employed by plaintiff for approximately four years and the only childcare violation that she specifically referenced occurred in 2018, prior to the execution of the contract. Considering the evidence in a light most favorable to defendant, she has failed to raise a question of fact and, accordingly, Supreme Court correctly granted plaintiff's motion for summary judgment (see Rooney v Slomowitz, 11 AD3d 864, 866-867 [3d Dept 2004]; Comprehensive Bldg. Contrs. v Pollard Excavating, 251 AD2d 951, 952 [3d Dept 1998]).
Egan Jr., J.P., Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Forgiveness of repayment of the funds would be prorated reflecting the amount of time defendant worked for plaintiff, i.e., if defendant ceased working prior to the end of the first full academic year the entire amount would be repaid, upon completing one full academic year two thirds of the funds, after two years one third of the total funds. The funds can be paid back in a lump sum or on a monthly payment plan with interest.
Footnote 2: In fact, other than an email exchange with plaintiff that took place March 8-9, 2021 — wherein defendant inquired as to the amount of money she owed the school for her training, plaintiff informed her of the amount, and she merely replied "Thank you!" — there is nothing in the record with respect to any discussion about repayment.
Footnote 3: Plaintiff specifically brought this as a motion to renew pursuant to CPLR 2221 (e). It is well settled that on a motion to renew, plaintiff must show that the newly discovered evidence existed at the time of the prior motion, but was unknown to it, along with a justifiable excuse as to why the new information was not previously submitted (see Scott v Thayer, 160 AD3d 1175, 1177 [3d Dept 2018]; 2 N. St. Corp. v Getty Saugerties Corp., 68 AD3d 1392, 1396 [3d Dept 2009], lv denied 14 NY3d 706 [2010]). On its motion to renew, plaintiff failed to allege any justification as to why the information was not previously submitted. However, defendant has abandoned any challenge to the propriety or form of this motion by failing to raise it in her brief (see Edwards v Martin, 158 AD3d 1044, 1048 n 5 [3d Dept 2018]; Pryba v Pryba, 70 AD3d 1109, 1109 n [3d Dept 2010]).
Footnote 4: The initial motion for summary judgment included copies of the pleadings, the teacher tuition assistance agreement, defendant's email inquiry as to the amount owed, an affidavit by plaintiff's operation director and various affidavits of service.